<span style="color:red">**Exhibit A**</span>

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **BRANDON BONEY AND CRYSTAL JONES-BONEY, INDIVIDUALLY AND AS NEXT OF FRIEND OF BLAZE BONEY,** | § § § § § | |
| **Plaintiffs,** | § § | |
| **v.** | § § | **CIVIL ACTION NO._____** |
| | § § | |
| **LOWE'S HOME CENTERS, LLC.** | § § | |
| **Defendant.** | § § | |

### INDEX TO NOTICE OF REMOVAL

| EXHIBIT | DATE | DOCUMENT |
|---|---|---|
| B | 5-9-18 | **Plaintiff's Original Petition** |
| C | 5-10-18 | **Citation to Lowe's Home Centers, LLC** |
| D | 5-23-18 | **Court's Dismissal Letter setting dismissal hearing on July 13, 2018** |
| E | 7-12-18 | **Affidavit of Service** |
| F | 7-13-18 | **Correspondence – Plaintiff's Letter Requesting Extension and for the Dismissal for Want of Prosecution** |
| G | 7-26-18 | **Defendant Lowe's Home Centers, LLC's Original Answer** |
| H | 7-27-18 | **Court's Dismissal Letter setting dismissal hearing on August 21, 2018** |
| I | 8-6-18 | **Plaintiff's Certificate of Written Discovery** |
| J | 8-20-18 | **101st Jury Trial Notice 1** |
| K | 9-5-18 | **Rule 11 Agreement** |
| L | 9-10-18 | **Plaintiff's First Amended Petition** |

| M | 9-25-18 | Defendant Lowe's Home Centers, LLC's Agreed Motion for Appointment of Guardian Ad Litem |
| N | 10-1-2018 | Non-Signed Order Granting Defendant Lowe's Home Centers, LLC's Agreed Motion for Appointment of Guardian Ad Litem |
| O | 10-5-18 | Order Appointing Guardian Ad Litem |
| P | 1-31-19 | Guardian Ad Litem's Request for Hearing to Present Report and Guardian Ad Litem Fees |
| Q | 2-25-19 | Plaintiff's Medical Records and Billing Records Affidavits from Metroplex Foot and Ankle |
| R | 2-25-19 | Plaintiff's Medical Records Affidavit- Dallas Regional Medical Center |
| S | 3-1-19 | Plaintiff's Billing Records Affidavit- Dallas Regional Medical Center |
| T | 3-29-19 | Notice of Settlement |
| U | 4-1-19 | Dismissal Letter from Court Setting Hearing for April 30, 2019 |
| V | 4-23-19 | Notice of Nonsuit |
| W | 4-30-19 | Dismissal letter from Court setting hearing on June 11, 2019 |
| X | 5-1-19 | Guardian Ad Litem's Motion to Set Aside and or Vacate Plaintiff's Nonsuit and Request for Sanctions |
| Y | 5-2-19 | Guardian Ad Litem's Letter to Counsel for Parties |
| Z | 5-7-19 | Plaintiff's Motion to Adopt Motion to Set Aside and/or Vacate Plaintiff's Nonsuit |
| A-1 | 5-7-19 | Ashmore and Ashmore's Notice of Appearance |
| B-1 | 5-7-19 | Order on Motion to Adopt |
| C-1 | 5-8-19 | Defendant's Response to Guardian Ad Litem's Motion to Set Aside and or Vacate Plaintiff's Nonsuit and Request for Sanctions |
| D-1 | 5-9-19 | Executed Order on Plaintiff's Motion to Adopt Motion to Set Aside and/or Vacate Plaintiffs' Nonsuit |
| E-1 | 5-9-19 | Order on Guardian Ad Litem's Motion to Set Aside and/or Vacate Plaintiff's Nonsuit and Request for Sanctions |
| F-1 | 5-13-19 | Executed- Order on Guardian Ad Litem's Motion to Set Aside and/or Vacate Plaintiff's Nonsuit and Request for Sanctions |

| G-1 | 5-17-19 | **Plaintiffs' Second Amended Petition** |

FILED
DALLAS COUNTY
5/9/2018 11:23 AM
FELICIA PITRE
DISTRICT CLERK

Alicia Mata

1 CIT/ESERVE

DC-18-06098

CAUSE NO. _____

| | | |
|---|---|---|
| **BLAZE BONEY** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **_____ JUDICIAL COURT** |
| | § | |
| | § | |
| **LOWE'S HOME CENTERS, LLC.** | § | |
| **Defendant** | § | **DALLAS COUNTY, TEXAS** |

_____

## PLAINTIFF'S ORIGINAL PETITION

_____

**TO THE HONORABLE JUDGE OF SAID COURT:**

    COMES NOW, BLAZE BONEY, Plaintiff in the above-styled cause, and hereby complain of LOWE'S HOME CENTERS, LLC., STORE 0510, Defendant, and for this cause of action would respectfully show the Court as follows.

*1.*     *Discovery*

    Plaintiff intends that discovery be conducted under Discovery Level (2).

*2.*     *Parties*

    Plaintiff, BLAZE BONEY (herein, *"Mr. Boney"*) is an individual whose address is 168 Dry Wall Ct, Royse City TX 75189 (Rockwall County). Upon information and belief, Defendant LOWE'S HOME CENTERS, LLC., (hereinafter, *"Defendant"*) is a corporation conducting business in Texas whose registered agent is CORPORATION SERVICE COMPANY D/B/A CSC-LAWYERS INCO and is located at 211 E. 7TH Street, Suite 620, Austin, Texas 78701.

*3.*     *Jurisdiction*

    The subject matter in controversy is within the jurisdictional limits of this court. Venue in Dallas County is proper in this cause.

*4.*     *Facts*

    On July 11, 2017, at approximately 9:40 p.m. Brandon Boney and Blaze Boney, had walked out of LOWE'S HOME CENTER, LLC – Store 1188, when Mr. Blaze stepped on a sharp, metal fragment protruding from a remaining handicapped sign. With minimal visibility due to the lack of sunlight, the sign became hazardous as it had been left at such an unexpected place. The metal sign had extruding fragments that could cause severe damage. Such fragments penetrated Mr. Blaze's shoe and punctured his foot causing extensive bleeding and excruciating pain. As a result, Mr. Blaze incurred medical bills due to this incident.

## 5.   _Negligence_

LOWE'S HOME CENTERS, LLC., had a duty to exercise the degree of care that a reasonably careful already established business would use to avoid harm to customers under circumstances similar to those described herein. Plaintiff Mr. Boney's injuries were proximately cause by LOWE'S HOME CENTERS, LLC., careless and reckless disregard of said duty. The negligent, careless and reckless disregard of duty of LOWE'S HOME CENTERS, LLC., consisted of, but is not limited to, the following acts and omissions:

A.   In that LOWE'S HOME CENTER, LLC., negligently failed to properly maintain it's premises.

B.   In that LOWE'S HOME CENTER, LLC., negligently failed to provide a safe and hazard free environment for its customers.

## 6.   _Damages_

As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, Mr. Boney, was caused to suffer, and to incur the following damages:

A.   Reasonable medical care and expenses in the past.  These expenses were incurred by Plaintiff, Mr. Boney for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Rockwall County, Texas;

B.   Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

C.   Physical pain and suffering in the past;

D.   Physical pain and suffering in the future; and

E.   Physical impairment in the past and future.

## 7.   _Prayer_

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Mr. Boney, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

**UDESHI CLARK & ASSOCIATES**

2201 Main St., Ste. 1250,
Dallas, TX 75201
Tel. (469) 906-2266
Fax. (469) 906-2299


By: */s/ Stephen Clark*_____
    Stephen Clark
    Email:stephen@ucalaw.com
    Kunal Udeshi
    Email: kunal@ucalaw.com
    Attorneys for BLAZE BONEY

<span style="color:red">**Exhibit C**</span>

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:

**LOWE'S HOME CENTERS, LLC.**
**SERVING REGISTERED AGENT IS CORPORATION SERVICE COMPANY**
**D/B/A CSC-LAWYERS INCO**
**211 E. 7TH STREET, SUITE 620**
**AUSTIN, TEXAS 78701**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **101st District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **BLAZE BONEY**

Filed in said Court **9th day of May, 2018** against

**LOWE'S HOME CENTERS, LLC.**

For Suit, said suit being numbered <u>**DC-18-06098,**</u> the nature of which demand is as follows:
Suit on **PROPERTY** etc. as shown on said petition, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 10th day of May, 2018.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas

By /s/ Kari Malone
_____, Deputy
KARI MALONE



---

**ESERVE**

**CITATION**

====================

**DC-18-06098**

====================

**BLAZE BONEY**
**VS.**
**LOWE'S HOME CENTERS, LLC.**

ISSUED THIS
**10th day of May, 2018**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: KARI MALONE, Deputy
_____

**Attorney for Plaintiff**
STEPHEN R. CLARK, II
UDESHI CLARK AND ASSOCIATES
2201 MAIN ST
STE 1250
DALLAS TX 75201
469-906-2266
**stephen@ucalaw.com**

<span style="color:red">**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**</span>

# OFFICER'S RETURN

Case No. :  DC-18-06098

Court No.101st District Court

Style: BLAZE BONEY

 VS.

LOWE'S HOME CENTERS, LLC.

Came to hand on the _____day of _____, 20_____, at _____o'clock_____.M. Executed at ____ _____,

within the County of _____ at _____ o'clock _____ .M. on the _____day of_____ _____,

20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

| | | |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____County, _____ |
| For Notary | $_____ | By_____Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

**Exhibit D**



## 101st JUDICIAL DISTRICT COURT

GEORGE L. ALLEN COURTS BUILDING
600 COMMERCE STREET
DALLAS, TEXAS 75202-4604

May 23, 2018

STEPHEN R. CLARK II
UDESHI CLARK AND ASSOCIATES
2201 MAIN ST
STE 1250
DALLAS TX  75201

Cause No:   DC-18-06098

        Blaze Boney
         vs.
        Lowe's Home Centers, LLC.

ALL COUNSEL OF RECORD AND PRO SE PARTIES:

The above case is set for dismissal, pursuant to Rule 165A, Texas Rules of
Civil Procedure and pursuant to the inherent power of the Court, on:

### July 13, 2018 at 9:00 AM

If no answer has been filed, you are expected to have moved for a default
judgment on or prior to that date.  Your failure to have done so will result
in the dismissal of the case on the above date.

If you have been unable to obtain service of process and you wish to retain
the case on the docket, you must appear on the above date, unless you have
obtained a new setting from the court coordinator.

Sincerely,

District Judge,
101st Judicial District Court

CC:   Lowe's Home Centers, LLC.; STEPHEN R. CLARK, II

FILED
DALLAS COUNTY
7/12/2018 3:22 PM
FELICIA PITRE
DISTRICT CLERK

Case 3:19-cv-01211-S   Document 1-1   Filed 05/20/19   Page 10 of 101   PageID 15

Sacheen Anthony

## CAUSE NO. DC-18-06098

| | | |
|---|---|---|
| BLAZE BONEY | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| VS. | § | 101ST JUDICIAL DISTRICT |
| | § | |
| LOWE'S HOME CENTERS, LLC. | § | |
| Defendant. | § | OF DALLAS COUNTY, TEXAS |

## AFFIDAVIT OF SERVICE

On this day personally appeared **Corin Sparre** who, being by me duly sworn, deposed and said:

"The following came to hand on **Jul 12, 2018, 9:00 am**,

### CITATION, PLAINTIFF'S ORIGINAL PETITION,

and was executed at **211 E. 7TH STREET, SUITE 620 , AUSTIN, , TEXAS 78701** within the county of **Travis** at **02:00 PM** on **Thu, Jul 12 2018**, by delivering a true copy to the within named

### LOWE'S HOME CENTERS, LLC. SERVING REGISTERED AGENT IS CORPORATION SERVICE COMPANY, ACCEPTED BY REGISTERED AGENT VANESSA HERNANDEZ

in person, having first endorsed the date of delivery on same.

I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Texas. I am familiar with the Texas Rules of Civil Procedure as they apply to service of Process. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I have personal knowledge of the facts stated herein and they are true and correct."

My name is **Corin Sparre**, my date of birth is **Feb 5th, 1983**, and my address is **500 E. 4th St. #143, Austin, TX 78701**, and **United States of America**. I declare under penalty of perjury that the foregoing is true and correct.

Executed in **Travis** County, State of **Texas**, on **July 12, 2018**.

_____

**Corin Sparre**
**SCH 5625 Exp:09/30/2018**

FILED
DALLAS COUNTY
7/13/2018 11:46 AM
FELICIA PITRE
DISTRICT CLERK

Case 3:19-cv-01211-S   Document 1-1   Filed 05/20/19   Page 11 of 101   PageID 16

**Exhibit E**



2201 Main St., Ste 1250
Dallas, TX 75201
Ph: (469) 906-2266
Fax: (469) 906-2299

Stephen Clark
State Bar of Texas

July 13, 2018

101st Judicial District Court
George L. Allen Courts Building
600 Commerce St.
Dallas, TX 75202 – 4604

  **Re:**   *Cause No.: DC-18-06098 : Blaze Boney vs. Lowe's Home Centers, LLC.,*

To whom it may concern:

  Please accept this letter as a formal *Request for Extension,* and for the *Dismissal for Want of Prosecution* to be removed and to keep the case referenced above on the docket. On July 12, 2018 at approximately 2:00 pm a *Citation along with the Plaintiffs Original Petition* was served upon the registered agent Vanessa Hernandez on behalf of Lowe's Home Centers, LLC. I will attach the *Affidavit of Service* for your records.

  If you have any questions or concerns, please do contact me or the office. Thank you in advanced for your assistance with this matter.

        Best regards,

        */s/* Stephen Clark

        Stephen Clark

SC/jr

FILED
DALLAS COUNTY
7/26/2018 12:54 PM
FELICIA PITRE
DISTRICT CLERK

Case 3:19-cv-01211-S   Document 1-1   Filed 05/20/19   Page 12 of 101   PageID 17

<span style="color:red">**Exhibit G**</span>

**CAUSE NO. DC 18-06098**

| | | |
|---|---|---|
| **BLAZE BONEY,** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **101ST JUDICIAL DISTRICT** |
| | § | |
| **LOWE'S HOME CENTERS, LLC,** | § | |
| **Defendant.** | § | **DALLAS COUNTY, TEXAS** |

## DEFENDANT LOWE'S HOME CENTERS, LLC'S ORIGINAL ANSWER

Defendant Lowe's Home Centers LLC, ("Defendant" or "LHC") files this answer to *Plaintiff's Original Petition* ("the Petition"), and would respectfully show the Court as follows:

### I.     GENERAL DENIAL

1.     Pursuant to Texas Rule of Civil Procedure 92, Defendant generally denies each and every allegation contained in Plaintiff's Original Petition and demands strict proof of Plaintiff's allegations against Defendant by a preponderance of the evidence.

### II.     AFFIRMATIVE DEFENSES

2.     LHC affirmatively asserts that it cannot be held liable for any of the damages Plaintiff seeks because LHC did not engage in any negligent conduct, intentional misconduct, or other act or omission upon which liability can be based.

3.     LHC further affirmatively asserts that Plaintiff's claims against LHC are barred, in whole or in part, due to Plaintiff's contributory negligence and/or other comparative responsibility in that Plaintiff failed to act as a reasonably prudent person under the same or similar circumstances immediately preceding and during the incident in question. Accordingly, LHC invokes the comparative fault statute set forth in Chapter 33 of Texas Civil Practice and Remedies Code.

4.     LHC further affirmatively asserts that the acts and omissions of Plaintiff were the sole proximate cause, an intervening cause, or a superseding cause of the incident in question and

of the alleged damages suffered by Plaintiff.

5.     LHC further affirmatively asserts that any act or omission alleged by Plaintiff to be attributable to LHC was not the sole, proximate, and/or producing cause of the injury or damages alleged by Plaintiff.

6.     LHC further affirmatively asserts that Plaintiff's recovery of medical or health care expenses is limited to amounts actually paid or incurred as provided for under Section 41.0105 of the Texas Civil Practice and Remedies Code. To do otherwise would constitute a windfall and would unfairly allow Plaintiff to benefit from the provider discounts arranged by his health insurer.

7.     LHC affirmatively asserts that it cannot be held liable for any of the damages Plaintiff seeks because Plaintiff does not have standing to file a lawsuit in this matter.

**8.**     LHC reserves the right to assert other affirmative defenses as discovery continues in this matter.

### III.     PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Lowe's Home Centers, LLC prays that, upon final hearing in this matter, the Court enter a take-nothing judgment against Plaintiff and that Defendant recover all of its costs from Plaintiff. Defendant also prays that it receives all other and further relief both at last and in equity, to which it may show itself justly entitled.

Date: July 26, 2018.

Respectfully submitted,

**OKON HANNAGAN, PLLC**

By: */s/ Melanie K. Okon*                          
**MELANIE K. OKON**
State Bar No. 24012951

Email: *mokon@okonhannagan.com*
SARIKA PATEL
State Bar No. 24073520
Email: *spatel@okonhannagan.com*

One Galleria Tower
13355 Noel Road, Suite 1900
Dallas, TX 75240
Telephone: (214) 396-9650
Facsimile: (469) 909-6115

**COUNSEL FOR DEFENDANT
LOWE'S HOME CENTERS, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on this the 26th day of July 2018, a true and correct copy of the above and foregoing has been served upon the following counsel, in accordance with the Texas Rules of Civil Procedure.

Stephen Clark
Kunal Udeshi
UDESHI CLARK & ASSOCIATES
2201 Main St., Ste. 1250
Dallas, TX 75201
Email: stephen@ucalaw.com
Email: kunal@ucalaw.com

**COUNSEL FOR PLAINTIFF**

*/s/ Melanie K. Okon*
Melanie K. Okon



## 101st JUDICIAL DISTRICT COURT

GEORGE L. ALLEN COURTS BUILDING
600 COMMERCE STREET
DALLAS, TEXAS 75202-4604

July 27, 2018

STEPHEN R. CLARK II
UDESHI CLARK AND ASSOCIATES
2201 MAIN ST
STE 1250
DALLAS TX  75201

Cause No:   DC-18-06098

       Blaze Boney
       vs.
       Lowe's Home Centers, LLC.

ALL COUNSEL OF RECORD AND PRO SE PARTIES:

The above case is set for dismissal, pursuant to Rule 165A, Texas Rules of
Civil Procedure and pursuant to the inherent power of the Court, on:

### August 21, 2018 at 9:30 AM

If no answer has been filed, you are expected to have moved for a default
judgment on or prior to that date.  Your failure to have done so will result
in the dismissal of the case on the above date.

If you have been unable to obtain service of process and you wish to retain
the case on the docket, you must appear on the above date, unless you have
obtained a new setting from the court coordinator.

Sincerely,

District Judge,
101st Judicial District Court

CC:   Lowe's Home Centers, LLC.; STEPHEN R. CLARK, II

FILED
DALLAS COUNTY
8/6/2018 11:20 AM
FELICIA PITRE
DISTRICT CLERK

**Exhibit I**

## CAUSE NO. <u>DC-18-06098</u>

| | | |
|---|---|---|
| **BRANDON BONEY, AS** | § | **IN THE DISTRICT COURT** |
| **GUARDIAN OF B.B.** | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **101ST JUDICIAL DISTRICT** |
| | § | |
| **LOWE'S HOME CENTERS, LLC.,** | § | |
| **STORE 0510** | § | |
| **Defendant.** | § | **OF DALLAS COUNTY, TEXAS** |

---

### PLAINTIFF'S CERTIFICATE OF WRITTEN DISCOVERY DIRECTED TO DEFENDANT LOWE'S HOME CENTERS, LLC., STORE 0510

---

Plaintiff, BRANDON BONEY on behalf of BLAZE BONEY, a child., files this Certificate of Written Discovery Directed to the Defendant, LOWE'S HOME CENTERS, LLC., STORE 0510, located at 4444 N. Galloway Avenue, Mesquite, Texas, 75150 pursuant to the applicable local rule and states that the discovery set forth below was served upon the following party on July 10, 2018:

LOWE'S HOME CENTERS, LLC., STORE 0510, Defendant, at Defendants Corporate Offices located at 211 E. 7th Street, Suite 620, Austin, Texas 78701

<u>Discovery Served</u>

1. Interrogatories - First Set
2. Request for Production - First Set
3. Request for Disclosure - First Set

---

Respectfully submitted,

UDESHI CLARK & ASSOCIATES
2201 Main St., Suite 1250,
Dallas, TX 75201
Ph: (469) 906-2266
Fax: (469) 906-2299

By:   */s/ Stephen Clark*
      Stephen Clark
      Texas Bar No. 24078349
      Email:  stephen@ucalaw.com
      Kunal Udeshi
      Texas Bar No. 24076744
      Email: kunal@ucalaw.com
      Attorneys for BRANDON BONEY

## <u>CERTIFICATE OF SERVICE</u>

I certify that on July 10, 2018 a true and correct copy of Plaintiff's Certificate of Written Discovery was served on LOWE'S HOME CENTERS, LLC., STORE 0510 electronically at annelise.o.jaap@lowes.com, on August 6, 2018 and the electronic transmission was reported as complete.

By: */s/ Stephen Clark*
      Stephen Clark
      E-Mail: stephen@ucalaw.com

**Exhibit J**



101ST DISTRICT COURT
GEORGE L. ALLEN, SR. COURTS BUILDING
600 COMMERCE STREET
DALLAS, TEXAS 75202-4604

August 20, 2018

STEPHEN R. CLARK II
UDESHI CLARK AND ASSOCIATES
2201 MAIN ST
STE 1250
DALLAS TX 75201

Re:   DC-18-06098
      Blaze Boney  vs.  Lowe's Home Centers, LLC.

ALL COUNSEL OF RECORD/PRO SE LITIGANTS:
PLEASE TAKE NOTE OF THE FOLLOWING SETTINGS:

          Non Jury Trial:        04/02/2019 @ 9:00 AM

Trial announcements **MUST BE MADE** in accordance with Rule 3.02, Local Rules of the Civil Court of Dallas County, Texas.

When **NO** announcement is made for defendant, defendant will be presumed ready.  If **ANY** plaintiff fails to announce or to appear at trial, the case will be dismissed for want of prosecution in accordance with Rule 165a, Texas Rules of Civil Procedure.

Completion of discovery, presentation of pretrial motions, and other matters relating to the preparation for trial, are controlled by the Scheduling Order in this case or by the Texas Rules of Civil Procedure, in the event no Scheduling Order has been signed by the Court.

The Mediator may be selected by agreement of all parties. The parties must advise both the Court and the Mediator in writing of any agreed Mediator.

Please forward a copy of this notice to counsel of record for each party and all pro se parties by a method approved in Texas Rules of Civil Procedure 21a.

SINCERELY,

STACI WILLIAMS
JUDGE, 101ST DISTRICT COURT
DALLAS COUNTY, TEXAS

pc:  STEPHEN R. CLARK, II ; MELANIE K.

FILED
DALLAS COUNTY
9/7/2018 11:20 AM
FELICIA PITRE
DISTRICT CLERK

Nikita Mosley



**Exhibit K**

Melanie Okon
mokon@okonhannagan.com
(214) 396-9651

September 5, 2018

***VIA EMAIL***
Stephen Clark
UDESHI CLARK & ASSOCIATES
2201 Mani St., Ste. 1250
Dallas, Texas 75201
Email: stephen@ucalaw.com

RE:     *Blaze Boney v. Lowe's Home Centers, LLC*, 101st District Court, Dallas County, Texas;
Cause No. DC-18-06098

## RULE 11 AGREEMENT

Dear Counsel:

This letter is to memorialize the agreement between and among Plaintiff Blaze Boney ("Boney") and Lowe's Home Centers, LLC ("Lowe's") (collectively Boney and Lowe's are referred to as the "Parties"). The Parties have agreed to suspend all discovery deadlines for 90 days from the date of this agreement to allow the Parties for work on finalizing settlement documentation for this matter.

If the foregoing does not accurately reflect our agreement, please let me know as soon as possible. Thank you for your cooperation.

*/s/ Melanie K. Okon*_____
Melanie K. Okon

Counsel for Lowe's Home Centers, LLC

AGREED:

*/s/ Stephen Clark*_____
Stephen Clark
Attorney for Plaintiff

**OKON HANNAGAN, PLLC**

**One Galleria Tower**                                          **(214) 396-9650 – tel**
**13355 Noel Road, Suite 1900**                          **(469)-909-6115 – fax**
**Dallas, Texas 75240**                                        **www.okonhannagan.com**

FILED
DALLAS COUNTY
9/10/2018 1:33 PM
FELICIA PITRE
DISTRICT CLERK

Kevin Molden

Case 3:19-cv-01211-S   Document 1-1   Filed 05/20/19   Page 21 of 101   PageID 26

## CAUSE NO. <u>DC-18-06098</u>

| | | |
|---|---|---|
| **BRANDON BONEY** | § | **IN THE DISTRICT COURT** |
| **AND CRYSTAL** | § | |
| **JONES-BONEY, AS** | § | |
| **NEXT OF FRIEND** | § | |
| **FOR BLAZE BONEY** | § | |
| **Plaintiff,** | § | **101ST JUDICIAL COURT** |
| **v.** | § | |
| | § | |
| | § | |
| **LOWE'S HOME CENTERS, LLC.** | § | |
| **Defendant** | § | **DALLAS COUNTY, TEXAS** |

---

## PLAINTIFF'S AMENDED PETITION

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, BRANDON BONEY AND CRYSTAL JONES-BONEY, AS NEXT OF FRIEND FOR BLAZE BONEY, Plaintiff in the above-styled cause, and hereby complain of LOWE'S HOME CENTERS, LLC., STORE 0510, Defendant, and for this cause of action would respectfully show the Court as follows.

*1.*     *Discovery*

Plaintiff intends that discovery be conducted under Discovery Level (2).

*2.*     *Parties*

Plaintiff, BRANDON BONEY AND CRYSTAL JONES-BONEY, AS NEXT OF FRIEND FOR BLAZE BONEY (herein, *"Mr. Boney"*) is an individual whose address is 168 Dry Wall Ct, Royse City TX 75189 (Rockwall County). Upon information and belief, Defendant LOWE'S HOME CENTERS, LLC., (hereinafter, *"Defendant"*) is a corporation conducting business in Texas whose registered agent is CORPORATION SERVICE COMPANY D/B/A CSC-LAWYERS INCO and is located at 211 E. 7TH Street, Suite 620, Austin, Texas 78701.

*3.*     *Jurisdiction*

The subject matter in controversy is within the jurisdictional limits of this court. Venue in Dallas County is proper in this cause.

*4.*     *Facts*

On July 11, 2017, at approximately 9:40 p.m. Brandon Boney and Blaze Boney, had walked out of LOWE'S HOME CENTER, LLC – Store 1188, when Mr. Blaze stepped on a sharp, metal fragment protruding from a remaining handicapped sign. With minimal visibility

---

due to the lack of sunlight, the sign became hazardous as it had been left at such an unexpected place. The metal sign had extruding fragments that could cause severe damage. Such fragments penetrated Mr. Blaze's shoe and punctured his foot causing extensive bleeding and excruciating pain. As a result, Mr. Blaze incurred medical bills due to this incident.

## 5.   *Negligence*

LOWE'S HOME CENTERS, LLC., had a duty to exercise the degree of care that a reasonably careful already established business would use to avoid harm to customers under circumstances similar to those described herein. Plaintiff Mr. Boney's injuries were proximately cause by LOWE'S HOME CENTERS, LLC., careless and reckless disregard of said duty. The negligent, careless and reckless disregard of duty of LOWE'S HOME CENTERS, LLC., consisted of, but is not limited to, the following acts and omissions:

> A.   In that LOWE'S HOME CENTER, LLC., negligently failed to properly maintain it's premises.
>
> B.   In that LOWE'S HOME CENTER, LLC., negligently failed to provide a safe and hazard free environment for its customers.

## 6.   *Damages*

As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, Mr. Boney, was caused to suffer, and to incur the following damages:

> A.   Reasonable medical care and expenses in the past.  These expenses were incurred by Plaintiff, Mr. Boney for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Rockwall County, Texas;
>
> B.   Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;
>
> C.   Physical pain and suffering in the past;
>
> D.   Physical pain and suffering in the future; and
>
> E.   Physical impairment in the past and future.

## 7.   *Prayer*

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Mr. Boney, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

**UDESHI CLARK & ASSOCIATES**

2201 Main St., Ste. 1250,
Dallas, TX 75201
Tel. (469) 906-2266
Fax. (469) 906-2299


By: /s/ Stephen Clark
     Stephen Clark
     Email:stephen@ucalaw.com
     Kunal Udeshi
     Email: kunal@ucalaw.com
     Attorneys for PLAINTIFF



**Certificate of Service**

I certify that a true copy of the above was served on each attorney of record or party in accordance with the Texas Rules of Civil Procedure on September 10, 2018.


     /s/ Stephen Clark
     STEPHEN CLARK
     Attorney for PLAINTIFF

FILED
DALLAS COUNTY
9/25/2018 11:35 AM
FELICIA PITRE
DISTRICT CLERK

Nikita Mosley

**Exhibit M**

### CAUSE NO. DC 18-06098

| | | |
|---|---|---|
| **BRANDON BONEY AND CRYSTAL** | § | **IN THE DISTRICT COURT** |
| **JONES-BONEY, AS NEXT OF** | § | |
| **FRIEND FOR BLAZE BONEY,** | § | |
| **Plaintiff,** | § | |
| | § | **101ST JUDICIAL DISTRICT** |
| **v.** | § | |
| | § | |
| | § | |
| **LOWE'S HOME CENTERS, LLC,** | § | |
| **Defendant.** | § | **DALLAS COUNTY, TEXAS** |

### DEFENDANT LOWE'S HOME CENTERS, LLC'S AGREED MOTION FOR APPOINTMENT OF GUARDIAN AD LITEM

Defendant Lowe's Home Centers, LLC ("Lowe's" or "Defendant"), asks the Court to appoint a guardian ad litem in this case, as authorized by Texas Rule of Civil Procedure 173.

### BACKGROUND

Minor Blaze Boney, the Plaintiff in this suit, is represented by Brandon Boney and Crystal Jones-Boney, his guardians. The parties have reached a settlement in this lawsuit. Accordingly, Defendant requests that this Court appoint a guardian ad litem to approve this settlement and protect Defendant's interests against any future lawsuit that could be brought by minor Blaze Boney arising from the same facts in this lawsuit.

### ARGUMENTS AND AUTHORITIES

A court must appoint a guardian ad litem for a party represented by a guardian or next friend when the parties agree to an appointment. Tex. R. Civ. P. 173.2(a)(2). The parties ask the Court to appoint a guardian ad litem in this case because the parties have agreed to an appointment.

### PRAYER

For these reasons, Defendant asks the Court to appoint a guardian ad litem for Blaze Boney.

**DEFENDANT LOWE'S HOME CENTERS, LLC'S AGREED**
**MOTION FOR APPOINTMENT OF GUARDIAN AD LITEM**                    **PAGE 1**

Respectfully submitted,

**OKON HANNAGAN, PLLC**

By: */s/ Melanie K. Okon*
      **MELANIE K. OKON**
      State Bar No. 24012951
      Email: *mokon@okonhannagan.com*
      **SARIKA PATEL**
      State Bar No. 24073520
      Email: *spatel@okonhannagan.com*

One Galleria Tower
13355 Noel Road, Suite 1900
Dallas, TX 75240
Telephone: (214) 396-9650
Facsimile: (469) 909-6115

**COUNSEL FOR DEFENDANT
LOWE'S HOME CENTERS, LLC**

## <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on this the 25th day of September 2018, a true and correct copy of the above and foregoing has been served upon the following counsel, in accordance with the Texas Rules of Civil Procedure.

Stephen Clark
stephen@ucalaw.com
Kunal Udeshi
kunal@ucalaw.com
UDESHI CLARK & ASSOCIATES
2201 Main St., Ste. 1250
Dallas, TX 75201

**COUNSEL FOR PLAINTIFF**

            */s/ Melanie K. Okon*
            Melanie K. Okon

**Exhibit N**

### CAUSE NO. DC 18-06098

| | | |
|---|---|---|
| **BRANDON BONEY AND CRYSTAL** | § | **IN THE DISTRICT COURT** |
| **JONES-BONEY, AS NEXT OF** | § | |
| **FRIEND FOR BLAZE BONEY,** | § | |
| **Plaintiff,** | § | |
| | § | **101ST JUDICIAL DISTRICT** |
| **v.** | § | |
| | § | |
| | § | |
| **LOWE'S HOME CENTERS, LLC,** | § | |
| **Defendant.** | § | **DALLAS COUNTY, TEXAS** |

### ORDER GRANTING DEFENDANT LOWE'S HOME CENTERS, LLC'S AGREED MOTION FOR APPOINTMENT OF GUARDIAN AD LITEM

The Court, having considered Defendant Lowe's Home Centers, LLC's Agreed Motion for Appointment of Guardian Ad Litem, finds that the Motion should be granted.

THEREFORE, IT IS ORDERED that Defendant's Agreed Motion for Appointment of Guardian Ad Litem is GRANTED.

Signed this ___ day of _____, 2018.

_____

**JUDGE STACI WILLIAMS**

<span style="color:red;">**Exhibit O**</span>

**CAUSE NO. DC 18-06098**

| | | |
|---|---|---|
| **BRANDON BONEY AND CRYSTAL** | § | **IN THE DISTRICT COURT** |
| **JONES-BONEY, AS NEXT OF** | § | |
| **FRIEND FOR BLAZE BONEY,** | § | |
| **Plaintiff,** | § | |
| | § | **101ST JUDICIAL DISTRICT** |
| **v.** | § | |
| | § | |
| | § | |
| **LOWE'S HOME CENTERS, LLC,** | § | |
| **Defendant.** | § | **DALLAS COUNTY, TEXAS** |

<u>**ORDER GRANTING DEFENDANT LOWE'S HOME CENTERS, LLC'S AGREED**<br>**MOTION FOR APPOINTMENT OF GUARDIAN AD LITEM**</u>

The Court, having considered Defendant Lowe's Home Centers, LLC's Agreed Motion for

Appointment of Guardian Ad Litem, finds that the Motion should be granted.

THEREFORE, IT IS ORDERED that Defendant's Agreed Motion for Appointment of

Guardian Ad Litem is GRANTED.

Signed this ___ day of _____, 2018.

*[handwritten: Ron Hurdle is hereby appointed. Law Office of Ron Hurdle 5435 North Garland Ave., Suite 140-223 Garland, TX 75040 (972) 813 9305 ron@ronhurdlelaw.com]*

**JUDGE STACI WILLIAMS**

FILED
DALLAS COUNTY
1/31/2019 12:58 AM
FELICIA PITRE
DISTRICT CLERK

Case 3:19-cv-01211-S   Document 1-1   Filed 05/20/19   Page 28 of 101   PageID 33

Veronica Vaughn

NO. DC-18-06098

| | | |
|---|---|---|
| BRANDON BONEY AND CRYSTAL | § | IN THE DISTRICT COURT |
| JONES-BONEY, AS NEXT OF FRIEND | § | |
| FOR BLAZE BONEY, A MINOR, | § | |
| PLAINTIFFS | § | |
| | § | 101st JUDICIAL DISTRICT |
| V. | § | |
| | § | |
| LOWE'S HOME CENTERS, LLC, | § | DALLAS COUNTY, TEXAS |
| DEFENDANT | § | |

## GUARDIAN AD LITEM'S REQUEST FOR HEARING
## TO PRESENT REPORT AND GUARDIAN AD LITEM FEES

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes the duly appointed Guardian Ad Litem in the above mentioned and numbered Cause and requests that this Court set hearing for the Guardian Ad Litem to present his findings of facts and documented Guardian Ad Litem fees incurred, and in support thereof would respectfully show the Court the following:

1.

On May 9, 2018, an Original Petition was filed with the Court and styled as Blaze Boney, Plaintiff v. Lowe's Home Centers, LLC. The petition made a request of this Court to conduct all discovery in this matter under a Level 2 Discovery Plan. The Petition alleges that Blaze Boney was injured on July 11, 2017 on the Defendant's premises and that the injuries were proximately caused by the Defendant's negligence. Specifically, the Petition states that sharp metal fragments protruding from a remaining handicap sign in the Defendant's parking lot punctured the shoe and foot of Blaze Boney causing extensive bleeding and excruciating pain. The Petition went on to allege that the Defendant failed to properly maintain its' premises and failed to provide a safe and hazard free environment for its' customers. It was this negligence that proximately caused Blaze Boney's injuries and damages which included reasonable medical care and expenses, both in the past and future, physical pain and suffering, both in the past and future and physical impairment, both in the past and future.

2.

Defendant, Lowe's Home Centers, LLC, filed their Original Answer on July 26, 2018 alleging a General Denial and several Affirmative Defenses that included Plaintiff's Contributory Negligence, Intervening and Superseding Cause and the Lack of Standing by Blaze Boney, a minor to bring this cause of action.

3.

In response to the Defendant's Affirmative Defense of minor's lack of standing to bring this lawsuit, Plaintiffs filed their Amended Petition on September 10, 208.  With the exception of the new style, Brandon Boney and Crystal Jones-Boney as Next Friend for Blaze Boney v. Lowe's Home Centers, LLC, Plaintiffs' Amended Petition cited the same alleged facts and cause of action as presented to the Court in their Original Petition.

4.

Defendant Lowe's Home Centers, LLC, filed an Agreed Motion for Appointment of Guardian Ad Litem on September 25, 2018.  In their Motion, Defendant stated that the parties had reached a settlement in the lawsuit and requested that this Court appoint a Guardian Ad Litem to approve the settlement and "protect Defendant's interests against any future lawsuit that could be brought by minor Blaze Boney arising from the same facts in this lawsuit". The Defendant cited as authority for this request, Tex. R. Civ. P. 173.2(a)(2), stating that a court must appoint a Guardian Ad Litem for a party represented by a Guardian or Next Friend when the parties agree to an appointment.  The Defendant further stated that the parties had agreed to an appointment.

5.

The Court granted Defendant's Agreed Motion To Appoint Guardian Ad Litem and signed an Order on October 5, 2018 appointing Ronald B. Hurdle as the Guardian Ad Litem to represent the interests of the minor in this lawsuit.

6.

After reviewing all of the pleadings on file, medical records and bills reflecting the reasonably and necessary treatment of the minor's injuries, conducting a personal face-to-face meeting with the minor and his parents and completing a thorough investigation into the facts and

circumstances surrounding the incident, including the acts of negligence, the Guardian Ad Litem is now ready to present his findings of fact to the Court. In addition, as a result of the aforementioned activities, the Guardian Ad litem has incurred fees that should be presented to the Court for review and approval.  The Guardian Ad Litem respectfully requests that this Court set a hearing at the next available opportunity on the Court's docket so the Guardian Ad Litem can present his findings of fact, recommendation for non-approval of the agreed upon settlement agreement and fees incurred as a result of the efforts and time exerted by the Guardian Ad Litem to the Court for review and approval.

WHEREFORE, PREMISES CONSIDERED, movant requests this Court to set a hearing at the next available opportunity on the Court's docket, command all parties to this action to appear so the Guardian Ad Litem can present his findings of fact, recommendation for non-approval of the agreed upon settlement agreement and fees incurred as a result of the efforts and time exerted by the Guardian Ad Litem to the Court for review and approval.  Guardian Ad Litem prays that minor, Blaze Boney, receives all other and further relief both in law and equity to which he may show himself justly entitled.

Respectfully submitted,

/s/ Ronald Hurdle
Ronald Hurdle
SBN:  00790940
LAW OFFICES OF RONALD B. HURDLE
5435 GARLAND AVENUE, SUITE 140-223
GARLAND, TX 75038
Phone:  972-813-9305
ron@ronhurdlelaw.com
*Guardian Ad Litem for minor, Blaze Boney*

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing document has been served in accordance with Rules 21 and 21a of the TEXAS RULES OF CIVIL PROCEDURE on this 31st day of January 2018 upon the following attorney(s) of record:

Stephen Clark
stephen@ucalaw.com
UDESHI CLARK & ASSOCIATES
2201 Main St. Ste. 1250
Dallas, Texas 75201
Attorney for Next Friends, Brandon Boney and Crystal-Jones Boney

Melanie K. Okon
mokon@okonhannagan.com
Sarika Patel
spatel@okonhannagan.com
OKON HANNAGAN, PLLC
One Galleria Tower
13355 Noel Road, Suite 1900
Dallas, Texas 75240
Attorney for Defendant, Lowe's Home Centers, LLC

_____

RONALD HURDLE

FILED
DALLAS COUNTY
2/25/2019 10:55 AM
FELICIA PITRE
DISTRICT CLERK
Darling Tellez
From: Ericka H... Case 3:19-cv-01211-S   Document 1-1   Filed 05/20/19   Page 32 of 101   PageID 37

**Exhibit Q**

CAUSE NO. <u>DC-18-06098</u>

| | | |
|---|---|---|
| **BLAZE BONEY**<br>Plaintiff, | § | IN THE DISTRICT COURT |
| | § | |
| v. | § | 101ˢᵗ JUDICIAL COURT |
| | § | |
| **LOWE'S HOME CENTERS, LLC.**<br>Defendant | § | DALLAS COUNTY, TEXAS |

---

### BUSINESS RECORDS AFFIDAVIT

---

**BEFORE ME**, the undersigned authority, on this day personally appeared ___Joseline Perez___, who swore on oath that the following facts are true and correct:

1. "I am the custodian of records of ___Metroplex Foot & Ankle___ and am familiar with the manner in which its records are created and maintained by virtue of my duties and responsibilities.

2. "Attached are _3_ pages of records. These are the original records or exact duplicates of the original records.

3. "The records were made at or near the time of each act, event, condition, opinion, or diagnosis set forth.

4. "The records were made by, or from information transmitted by, persons with knowledge of the matters set forth.

5. "The records were kept in the course of regularly conducted business activity.

6. "It is the regular practice of the business activity to make the records."

Page 1 of 2

Affiant

**SWORN TO AND SUBSCRIBED BEFORE ME** by _Joseline Perez_

_____ on this _22nd_ day of _February_ , 20_19_

_____
Notary Public, State of Texas

ERICKA HERNANDEZ
Notary Public, State of Texas
Comm. Expires 11-12-2022
Notary ID 131793031

From Metroplex Foot and Ankle LLP 1.214.217.3669 Fri Feb 22 09:44:23 2019 MST Page 7 of 9

FILED
DALLAS COUNTY
2/25/2019 10:55 AM
FELICIA PITRE
DISTRICT CLERK
Darling Tellez

From: Ericka H... Case 3:19-cv-01211-S Document 1-1 Filed 05/20/19 Page 34 of 101 PageID 39

CAUSE NO. DC-18-06098

| | | |
|---|---|---|
| **BLAZE BONEY** | § | **IN THE DISTRICT COURT** |
| Plaintiff, | § | |
| | § | |
| v. | § | **101st JUDICIAL COURT** |
| | § | |
| | § | |
| **LOWE'S HOME CENTERS, LLC.** | § | |
| Defendant | § | **DALLAS COUNTY, TEXAS** |

## AFFIDAVIT OF COST OF SERVICE BY CUSTODIAN

**BEFORE ME**, the undersigned authority, on this day personally appeared _Joseline Periz_, who swore on oath that the following facts are true:

"I, the undersigned, am over 18 years of age, of sound mind, and fully competent to make this affidavit. I have personal knowledge of the facts stated herein and they are all true and correct.

"I am the custodian of the records of _Metroplex Foot & Ankle_ Attached hereto are billing records that provide an itemized statement of the service and the charge for the services that _Dr. Rachna Tiwari_ provided to **BLAZE BONEY**. The attached billing records are incorporated as a part of this affidavit.

"The attached records are kept by me in the regular course of business, and it was the regular course of business of _Metroplex Foot & Ankle_ for an employee or representative with knowledge of the act, event, condition, opinion, or diagnosis, recorded to make the record or to transmit information thereof to be included in such record; and the record was made at or near the time or reasonably soon thereafter. The records attached hereto are the original or exact duplicates of the original.

"The service provided was necessary and the amount charged for the service was reasonable at the time and place the service was provided."

_____

Affiant

**SUBSCRIBED AND SWORN TO BEFORE ME** on ___2/22/19___, by

_Joseline Perez_.

> ERICKA HERNANDEZ
> Notary Public, State of Texas
> Comm. Expires 11-12-2022
> Notary ID 131793031

_____

Notary Public, State of Texas

FILED
DALLAS COUNTY
2/25/2019 10:55 AM
FELICIA PITRE
DISTRICT CLERK
Darling Tellez

From: Ericka Hernandez      Fax: (469)862288      To: 214-320-7738@rcfax.com   Fax: (214) 320-7738      Page: 5 of 6      02/04/2019 4:58 PM

**Exhibit R**

## CAUSE NO. <u>DC-18-06098</u>

| | | |
|---|---|---|
| **BLAZE BONEY** | § | **IN THE DISTRICT COURT** |
| Plaintiff, | § | |
| | § | |
| **v.** | § | **101ˢᵗ JUDICIAL COURT** |
| | § | |
| | § | |
| **LOWE'S HOME CENTERS, LLC.** | § | |
| **Defendant** | § | **DALLAS COUNTY, TEXAS** |

---

### BUSINESS RECORDS AFFIDAVIT

---

**BEFORE ME**, the undersigned authority, on this day personally appeared _Carlo Sofragian_____, who swore on oath that the following facts are true and correct:

1. "I am the custodian of records of _Carlo Sofragian_____ and am familiar with the manner in which its records are created and maintained by virtue of my duties and responsibilities.

2. "Attached are _30_ pages of records. These are the original records or exact duplicates of the original records.

3. "The records were made at or near the time of each act, event, condition, opinion, or diagnosis set forth.

4. "The records were made by, or from information transmitted by, persons with knowledge of the matters set forth.

5. "The records were kept in the course of regularly conducted business activity.

6. "It is the regular practice of the business activity to make the records."

_Carlo Sofragian_

Page 1 of 2

Affiant

**SWORN TO AND SUBSCRIBED BEFORE ME** by _____

_____ on this _____ day of _____, 20__.

_____

Notary Public, State of Texas

See attached CA jurat
.A.A.C

**CALIFORNIA JURAT WITH AFFIANT STATEMENT**     GOVERNMENT CODE § 8202

☒ See Attached Document (Notary to cross out lines 1–6 below)
☐ See Statement Below (Lines 1–6 to be completed only by document signer[s], not Notary)

1
2
3
4
5
6

*Signature of Document Signer No. 1*          *Signature of Document Signer No. 2 (if any)*

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California

County of **San Bernardino**

Subscribed and sworn to (or affirmed) before me

on this **6th** day of **February**, 20**19**,
　　　　　*Date*　　　　　　　*Month*　　　　*Year*

by (1) **Carlo Setragian**

(and (2) _____ ),
　　　　　　　　*Name(s) of Signer(s)*

proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

```
ANEL A. CAZARES
Commission No. 2266500
NOTARY PUBLIC-CALIFORNIA
SAN BERNARDINO COUNTY
My Comm. Expires NOVEMBER 11, 2022
```

*Place Notary Seal and/or Stamp Above*

Signature _____
　　　　　　*Signature of Notary Public*

─────────────── **OPTIONAL** ───────────────

*Completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**

Title or Type of Document: **Business Records Affidavit**

Document Date: **NO Date**          Number of Pages: **two**

Signer(s) Other Than Named Above: **No other signers**

©2017 National Notary Association

03/01/2019   09:26 HMCCB043                                    (FAX)19562911702                    P.005/008   FILED
DALLAS COUNTY
RX Date/Time    02/21/2019    12:17                                                                3/1/2019 2:03 PM
From: Ericka Hernandez   Fax: 14889052266   To: 956-261-1702@rcfax.com   Fax: (956) 291-1702   Page; 4 of 5   02/21/2019 12:19 PM  FELICIA PITRE
DISTRICT CLERK
Darling Tellez

Case 3:19-cv-01211-S   Document 1-1   Filed 05/20/19   Page 39 of 101   PageID 44

**Exhibit S**

## CAUSE NO. <u>DC-18-06098</u>

| | | |
|---|---|---|
| **BLAZE BONEY** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **101st JUDICIAL COURT** |
| | § | |
| | § | |
| **LOWE'S HOME CENTERS, LLC.** | § | |
| **Defendant** | § | **DALLAS COUNTY, TEXAS** |

## AFFIDAVIT OF COST OF SERVICE BY CUSTODIAN

**BEFORE ME**, the undersigned authority, on this day personally appeared
Gnaiada Tepet_____, who swore on oath that the
following facts are true.

"I, the undersigned, am over 18 years of age, of sound mind, and fully
competent to make this affidavit. I have personal knowledge of the facts stated
herein and they are all true and correct.

"I am the custodian of the records of Dallas Regional Medical Center
Attached hereto are billing records that provide an itemized statement of the
service and the charge for the services that Dallas Regional Medical Center
provided to **BLAZE BONEY**. The attached billing records are incorporated as a
part of this affidavit.

"The attached records are kept by me in the regular course of business, and it
was the regular course of business of Dallas Regional Medical Center
for an employee or representative with knowledge of the act, event, condition,
opinion, or diagnosis, recorded to make the record or to transmit information
thereof to be included in such record; and the record was made at or near the time
or reasonably soon thereafter. The records attached hereto are the original or exact
duplicates of the original.

"The service provided was necessary and the amount charged for the service
was reasonable at the time and place the service was provided."

Affiant

SWORN TO AND SUBSCRIBED BEFORE ME by Gricelda Lopez
_____ on this ___1___ day of March _____ ‾, 20_19

Biolanda V Mancillas

Notary Public, State of Texas

BIOLANDA V MANCILLAS
NOTARY PUBLIC
STATE OF TEXAS
MY COMM. EXP. 9/8/21
NOTARY ID 12804022-5

FILED
DALLAS COUNTY
3/29/2019 11:40 AM
FELICIA PITRE
DISTRICT CLERK

Darling Tellez

**Exhibit T**

Case 3:19-cv-01211-S   Document 1-1   Filed 05/20/19   Page 41 of 101   PageID 46

## CAUSE NO. <u>DC-18-06098</u>

| | | |
|---|---|---|
| **BLAZE BONEY** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **101st JUDICIAL COURT** |
| | § | |
| | § | |
| **LOWE'S HOME CENTERS, LLC.** | § | |
| **Defendant** | § | **DALLAS COUNTY, TEXAS** |

---

### AGREED NOTICE OF SETTLEMENT

---

Notice is hereby given to the Court that the parties have reached a settlement in this case and hereby request that the Court remove the current trial setting.  Upon payment of the agreed to settlement, the parties intend on nonsuiting this lawsuit and permanently removing it from the Court's docket.  The parties therefore request that the Court remove the current trial setting to allow the parties to execute their settlement agreement.

Respectfully submitted,

Clark Law Group
2201 Main St., Suite 1250,
Dallas, TX 75201
Ph:(469) 906-2266
Fax:(469) 906-2299


By:/s/Stephen Clark
    Stephen Clark
    State Bar No. 24078349
    stephen@clgtx.com
    Attorney for Plaintiff


AGREED:

Okon Hannagan, PLLC
One Galleria Tower
13355 Noel Rd., Ste. 1900
Dallas, TX 75240
Ph:(214) 396-9650
Fax:(214) 909-6115

---

By*: /s/ Sarika Patel*_____

    Sarika Patel

    State Bar No. 24073520

    spatel@okonhannagan.com

    Attorney for Defendant

101ST DISTRICT COURT
GEORGE L. ALLEN, SR. COURTS BUILDING
600 COMMERCE STREET, SUITE 685
DALLAS, TEXAS  75202
214-653-6937

April 01, 2019

RON HURDLE
5435 NORTH CARLAND AVE
SUITE 140-223
GARLAND TX  75040

RE:    Possible Dismissal for Want of Prosecution (DWOP)
       DC-18-06098
       Blaze Boney  vs.  Lowe's Home Centers, LLC.

To:  All Counsel of Record and/or PRO SE litigants:

    Although the parties have previously announced a settlement in this case, final documents have not been furnished to the Court for entry.  It is therefore the Court's intention to dismiss this cause for want of prosecution (DWOP).

    A dismissal hearing is set for 04/30/2019 @ 9:00 AM.  In lieu of appearing, you may furnish the final documents before the hearing, or you may simply allow the DWOP by you failure to appear.

Sincerely,

Staci Williams
DISTRICT JUDGE
101ST DISTRICT COURT
DALLAS COUNTY, TEXAS

## CAUSE NO. <u>DC-18-06098</u>

| | | |
|---|---|---|
| **BRANDON BONEY AND** | § | **IN THE DISTRICT COURT** |
| **CRYSTAL JONES-BONEY, AS** | § | |
| **NEXT OF FRIEND FOR BLAZE** | § | |
| **BONEY** | | |
|    **Plaintiff,** | § | |
| | § | |
| **v.** | § | **101ST JUDICIAL COURT** |
| | § | |
| **LOWES HOME CENTERS, LLC.** | § | |
|    **Defendant.** | § | **DALLAS COUNTY, TEXAS** |

## PLAINTIFFS' NOTICE OF NONSUIT WITH PREJUDICE

TO THE HONORABLE COURT:

COMES NOW, Plaintiffs Brandon Boney and Crystal Jones – Boney, Individually and as Next of Friend for Blaze Boney, and respectfully file this Notice of Nonsuit with Prejudice. Pursuant to Texas Rule of Civil Procedure 162, Plaintiffs hereby give notice that they are taking a nonsuit of their entire case against Defendant, Lowe's Home Centers, LLC. This nonsuit is with prejudice to refiling and is effective immediately on the filing of this notice.

DATED: April 23, 2019

                    Respectfully submitted,

**UDESHI CLARK & ASSOCIATES**

By: /s/Stephen Clark
     Stephen Clark
     Texas Bar No. 24078349
     Email:  stephen@clgtx.com
     2201 Main St., Ste. 1250
     Dallas, TX 75201
     Tel. (469) 906-2266
     Fax. (469) 906-2299

**COUNSEL FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 23rd day of April 2019, a true and correct copy of the above and foregoing has been served upon the following counsel in accordance with the Texas Rules of Civil Procedure.

**VIA EMAIL:**

**MELANIE K. OKON**
State Bar No. 24012951
Email:  mokon@okonhannagan.com
 **SARIKA PATEL**
State Bar No. 24073520
Email:  spatel@okonhannagan.com

One Galleria Tower
13355 Noel Road, Suite 1900
Dallas, TX 75240
Telephone: 214-396-9650
Facsimile: 469-909-6115

**COUNSEL FOR DEFENDANT**

     /s/Stephen Clark
     Stephen Clark

101st DISTRICT COURT
GEORGE L. ALLEN, SR. COURTS BUILDING
600 COMMERCE STREET, SUITE 685
DALLAS, TEXAS  75202
214-653-6937

April 30, 2019

RON HURDLE
5435 NORTH CARLAND AVE
SUITE 140-223
GARLAND TX  75040

RE:     Possible Dismissal for Want of Prosecution (DWOP)
        DC-18-06098
        Blaze Boney  vs.  Lowe's Home Centers, LLC.

To:  All Counsel of Record and/or PRO SE litigants:

Although the parties have previously announced a settlement in this case, final documents have not been furnished to the Court for entry.  It is therefore the Court's intention to dismiss this cause for want of prosecution (DWOP).

A dismissal hearing is set for 06/11/2019 @ 9:00 AM.  In lieu of appearing, you may furnish the final documents before the hearing, or you may simply allow the DWOP by you failure to appear.

Sincerely,

Staci Williams
DISTRICT JUDGE
101ST DISTRICT COURT
DALLAS COUNTY, TEXAS

FILED
DALLAS COUNTY
5/1/2019 1:03 PM
FELICIA PITRE
DISTRICT CLERK

Margaret Thomas

**<span style="color:red">Exhibit X</span>**

NO. DC-18-06098

| | | |
|---|---|---|
| BRANDON BONEY AND CRYSTAL JONES-BONEY, AS NEXT OF FRIEND FOR BLAZE BONEY, A MINOR, PLAINTIFFS | § § § § | IN THE DISTRICT COURT |
| V. | § § § | 101st JUDICIAL DISTRICT |
| LOWE'S HOME CENTERS, LLC, DEFENDANT | § § § | DALLAS COUNTY, TEXAS |

## GUARDIAN AD LITEM'S MOTION TO SET ASIDE AND OR VACATE PLAINTIFF'S NONSUIT AND REQUEST FOR SANCTIONS

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes the duly appointed Guardian Ad Litem in the above mentioned and numbered Cause and requests that this Court set aside or vacate Plaintiff's Nonsuit and request for sanctions and in support thereof would respectfully show the Court the following:

1.

On May 9, 2018, an Original Petition was filed with the Court and styled as Blaze Boney, Plaintiff v. Lowe's Home Centers, LLC. The petition made a request of this Court to conduct all discovery in this matter under a Level 2 Discovery Plan, but no discovery between the parties was conducted. The Petition alleges that Blaze Boney was injured on July 11, 2017 on the Defendant's premises and that the injuries were proximately caused by the Defendant's negligence. Specifically, the Petition states that sharp metal fragments protruding from a remaining handicap sign in the Defendant's parking lot punctured the shoe and foot of Blaze Boney causing extensive bleeding and excruciating pain. The Petition went on to allege that the Defendant failed to properly maintain its' premises and failed to provide a safe and hazard free environment for its' customers. It was this negligence that proximately caused Blaze Boney's injuries and damages which included reasonable medical care and expenses, both in the past and future, physical pain and suffering, both in the past and future and physical impairment, both in the past and future.

2.

Defendant, Lowe's Home Centers, LLC, filed their Original Answer on July 26, 2018 alleging a General Denial and several Affirmative Defenses that included Plaintiff's Contributory Negligence, Intervening and Superseding Cause and the Lack of Standing by Blaze Boney, a minor to bring this cause of action.

3.

In response to the Defendant's Affirmative Defense of the minor's lack of standing to bring this lawsuit, Plaintiffs filed their Amended Petition on September 10, 208. With the exception of amending the style of the case as Brandon Boney and Crystal Jones-Boney as Next Friend for Blaze Boney v. Lowe's Home Centers, LLC, Plaintiffs' Amended Petition cited the same alleged facts and cause of action as presented to the Court in their Original Petition.

4.

Defendant Lowe's Home Centers, LLC, filed an Agreed Motion for Appointment of Guardian Ad Litem on September 25, 2018. In their Motion, Defendant stated that the parties had reached a settlement in the lawsuit and requested that this Court appoint a Guardian Ad Litem to approve the settlement and "protect Defendant's interests against any future lawsuit that could be brought by minor Blaze Boney arising from the same facts in this lawsuit". The Defendant cited as authority for this request, Tex. R. Civ. P. 173.2(a)(2), stating that a court must appoint a Guardian Ad Litem for a party represented by a Guardian or Next Friend when the parties agree to an appointment. The Defendant further stated that the parties had agreed to an appointment.

5.

The Court granted Defendant's Agreed Motion to Appoint Guardian Ad Litem and signed an Order on October 5, 2018 appointing Ronald B. Hurdle as the Guardian Ad Litem to represent the interests of the minor in this lawsuit.

6.

After reviewing all of the pleadings on file, medical records and bills reflecting the reasonably and necessary treatment of the minor's injuries, conducting a personal face-to-face meeting with the minor and his parents and completing a thorough investigation into the facts and

circumstances surrounding the incident, including the egregious negligent acts of the Defendant, the Guardian Ad Litem determined that he could not, in in good consciousness, recommend approving the settlement agreement between the Plaintiff and the Defendant, as in the best interest of the minor. This evaluation was communicated to both counsel for the Plaintiff and the Defendant. The Guardian Ad Litem further communicated to both counsel for the Plaintiff and Defendant that he would consider evaluating, a more adequate settlement offer, minus attorney fees, that would be in the best interest of the minor if presented by Defendant. Upon receiving a request from counsel for the Defendant regarding a new possible adequate settlement offer, Guardian Ad Litem presented an analysis of the facts, the alleged negligence, damages received by the minor and a new suggested settlement offer. At this point, communications between the parties regarding any future settlement stalled and ceased. Nothing further was communicated between the parties regarding the issues and dispute involved in this lawsuit.

7.

On January 31, 2019, Guardian Ad Litem filed a Motion with the Court to set a hearing where the Guardian Ad Litem could present his report of findings, recommending non-approval of the settlement agreement between the Plaintiff and the Defendant and request for Guardian Ad Litem fees. It has been now been determined that for whatever reasons, the motion may have been misplaced or filed and the hearing was never scheduled.

8.

On Monday, April 29, 2019, in an attempt to determine the status of the motion for hearing, the Guardian Ad Litem made a personal appearance to the court to check on his motion. It was at this time that the Guardian Ad Litem was informed that the parties had settled the lawsuit and a nonsuit had been filed by the counsel for the Plaintiff on April 23, 2019. (exhibit A). Plaintiff's Notice of Nonsuit specifically states that "Plaintiffs hereby give notice that they are taking a nonsuit of their **ENTIRE** case against Defendant, Lowe's Home Centers, LLC". The motion further states "This nonsuit is with **PREJUDICE** to refiling". At no time was the Guardian Ad Litem informed of any further settlement negotiations between the Plaintiff and Defendant, aware of any resolution of a settlement agreement, nor the filing of Plaintiff's Notice

of Nonsuit with Prejudice. The Guardian Ad Litem was not even included on the Certificate of Service as required by the local rules. In spite of this filing, this matter has been set on the Court's docket for a settlement conference at 9:00 am on Tuesday, June 11, 2019.

9.

On Tuesday, April 30, 2019, correspondence was sent to counsel for both the Plaintiff and the Defendant advising them of the concern the Guardian Ad Litem had regarding his obvious absence in or even notice of the further settlement negotiations between the parties, the resolution of the issues, as well as the decision to nonsuit this case. In that correspondence I further requested, "In order to ensure that the interest and legal rights of my client have not been compromised, please provide me a copy of the executed Release at your earliest opportunity". (exhibit B). At the drafting of this motion, the executed Release had not been provided by either party.

Upon receipt and review of the executed Release between the Plaintiff and Defendant, the Guardian Ad Litem will be in a better position to determine what actions, if any, are now required to protect the interest of my client, the minor, Blaze Boney. Even so, in light of the Nonsuit filed by the counsel for the Plaintiff, this motion is now required.

10.

The Plaintiff can nonsuit some parties without nonsuiting others, as long as doing so will not prejudice another party. *CIS Solutions, Inc. v. energy Maint. Servs. Grp*, 274 S. W. 3d 299, 306 (Tex.App.-Houston [1st Dist.] 2008, no pet.). Parties have an absolute right to nonsuit their own claims, but not someone else's claims. *Texas Mut. Ins. v. Ledbetter*, 251 S.W.3d 31, 37 (Tex.2008). A claimant could recover compensation or relief even if the Plaintiff abandons his cause of action. It prohibits dismissal if the effect would be to prejudice any pending claim for affirmative relief, period. The Plaintiff's Notice of Nonsuiting this entire case has prejudiced the pending claims of the minor for relief and should be set aside or vacated.

11.

Sanctions may be imposed under the court's inherent power. A trial court has inherent power to impose sanctions for abuse of the judicial process not covered by rule or statute. *Ezeoke*

*v. Tracy*, 349 S.W.3d, 679, 685 (Tex.App.-Houston [14th Dist.] 2011, no pet.) For the court to exercise this inherent power, the conduct complained about must significantly interfere with the court's legitimate exercise of one of its core functions (e.g. hearing, evidence, deciding issues of fact or questions of law. *Kennedy v. Kennedy*, 125 S.W.3d 14, 19 (Tex.App.-Austin, 2002, pet. denied). The Plaintiff's filing of Notice to Nonsuit this entire case has attempted to thwart the court's objective of providing adequate counsel for the minor in determining if the proposed settlement was in the best interest of the minor. Sanctions are appropriate and warranted in this situation.

WHEREFORE, PREMISES CONSIDERED, movant requests this Court to set a hearing at the next available opportunity on the Court's docket, command all parties to this action to appear for hearing on Guardian Ad Litem's motion to set aside or vacate Plaintiff's Nonsuit and request for sanctions. After hearing and argument of counsel, Guardian Ad Litem moves that this Court grant Guardian Ad Litem's motion and for sanctions for the filing of Plaintiff's Notice of Nonsuit, award Guarding Ad Litem the cost of preparing this motion and attending hearing. Guardian Ad Litem also prays that minor, Blaze Boney, receives all other and further relief both in law and equity to which he may show himself justly entitled.

Respectfully submitted,

/s/ Ronald Hurdle
Ronald Hurdle
SBN: 00790940
LAW OFFICES OF RONALD B. HURDLE
5435 GARLAND AVENUE, SUITE 140-223
GARLAND, TX 75038
Phone: 972-813-9305
ron@ronhurdlelaw.com
*Guardian Ad Litem for minor, Blaze Boney*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served in accordance with Rules 21 and 21a of the TEXAS RULES OF CIVIL PROCEDURE on this 30th day of April 2019 upon the following attorney(s) of record:

Stephen Clark
stephen@ucalaw.com
UDESHI CLARK & ASSOCIATES
2201 Main St. Ste. 1250
Dallas, Texas 75201
Attorney for Next Friends, Brandon Boney and Crystal-Jones Boney
Melanie K. Okon
mokon@okonhannagan.com
Sarika Patel
spatel@okonhannagan.com
OKON HANNAGAN, PLLC
One Galleria Tower
13355 Noel Road, Suite 1900
Dallas, Texas 75240
Attorney for Defendant, Lowe's Home Centers, LLC


_____

RONALD HURDLE

# EXHIBIT A

FILED
DALLAS COUNTY
4/23/2019 2:16 PM
FELICIA PITRE
DISTRICT CLERK

## CAUSE NO. <u>DC-18-06098</u>

| | | |
|---|---|---|
| **BRANDON BONEY AND** | § | **IN THE DISTRICT COURT** |
| **CRYSTAL JONES-BONEY, AS** | § | |
| **NEXT OF FRIEND FOR BLAZE** | § | |
| **BONEY** | | |
|    **Plaintiff,** | § | |
| | § | |
| **v.** | § | **101ST JUDICIAL COURT** |
| | § | |
| **LOWES HOME CENTERS, LLC.** | § | |
|    **Defendant.** | § | **DALLAS COUNTY, TEXAS** |

## PLAINTIFFS' NOTICE OF NONSUIT WITH PREJUDICE

TO THE HONORABLE COURT:

    COMES NOW, Plaintiffs Brandon Boney and Crystal Jones – Boney, Individually and as Next of Friend for Blaze Boney, and respectfully file this Notice of Nonsuit with Prejudice. Pursuant to Texas Rule of Civil Procedure 162, Plaintiffs hereby give notice that they are taking a nonsuit of their entire case against Defendant, Lowe's Home Centers, LLC. This nonsuit is with prejudice to refiling and is effective immediately on the filing of this notice.

DATED: April 23, 2019

                    Respectfully submitted,

**UDESHI CLARK & ASSOCIATES**

By: /s/Stephen Clark
Stephen Clark
Texas Bar No. 24078349
Email: stephen@clgtx.com
2201 Main St., Ste. 1250
Dallas, TX 75201
Tel. (469) 906-2266
Fax. (469) 906-2299

**COUNSEL FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that on this the 23rd day of April 2019, a true and correct copy of the above and foregoing has been served upon the following counsel in accordance with the Texas Rules of Civil Procedure.

## VIA EMAIL:

**MELANIE K. OKON**
State Bar No. 24012951
Email: mokon@okonhannagan.com
**SARIKA PATEL**
State Bar No. 24073520
Email: spatel@okonhannagan.com

One Galleria Tower
13355 Noel Road, Suite 1900
Dallas, TX 75240
Telephone: 214-396-9650
Facsimile: 469-909-6115

**COUNSEL FOR DEFENDANT**

/s/Stephen Clark
Stephen Clark

# EXHIBIT B

☐

---

### The Law Office of Ronald B. Hurdle

---

April 29,  2019

***Via Electronic Filing***

Sarika Patel
Melanie K. Okon
OKON HANNAGAN PLLC
One Galleria Tower
13355 Noel Road, Suite 1900
Dallas, Texas 75240

Stephen Clark
UDESHI CLARK & ASSOCIATES
2201 Main Street, Suite 1250
Dallas, Texas

      Re:    Cause No. DC-18-06098; Brandon Boney and Crystal Jones-Boney as Next Friend of
               Blaze Boney v. Lowe's Home Centers, LLC; in the 101st District Court, Dallas County,
               Texas

Counsel:

Today I became aware, for the first time, that the Plaintiff and Defendant have re-engaged in settlement negotiations regarding the above-mentioned case. In addition, it appears that a settlement has been reached because I understand a non-suit was filed with the Court on April 23, 2019. Even though the local rules require that all pleadings contain a Certificate of Service acknowledging that all attorneys of record have been copied on all pleadings, for some reason, I was omitted on the notice of nonsuit.

Further, as you recall, I had indicated to all parties that I could not, in good consciousness, recommend approving the settlement agreement between the Plaintiff and the Defendant, as in the best interest of the minor, due to the egregious negligent behavior of the Defendant and the amount of the settlement offer. To re-engage in settlement negotiations, without my involvement, somewhat surprised me since it was my suggestion that the settlement amount was inadequate and did not effectively compensate my client for his damages. Instead, you rejected my position, but initiate renegotiations anyway, with no notice to me or even considered my involvement.

Lastly, upon my review of the nonsuit, it specifically states that the Plaintiffs "are taking a nonsuit of their **Entire** case against Defendant. As the Guardian Ad Litem appointed to represent the minor in this case, I am confounded that the entire case can be resolved and nonsuited without at least first

conferring with the minor's legal representative. As confounding as these issues appear to be, I will refer them to another body and forum at another time for resolution.

Even so, the aforementioned being said, I will also assume that a formal Release has been executed between the parties citing the conditions of this settlement. In order to ensure that the interest and legal rights of my client have not been compromised, please provide me a copy of the executed Release at your earliest opportunity. Your prompt response to this request is highly appreciated. Upon receipt and review of the executed Release, I can then communicate with the Court, provide my formal Guardian Ad Litem report and request that the Court provide further directions on how to proceed regarding my appointment.

Thank you very much.

Sincerely,

/s/ Ronald B. Hurdle

Ronald B. Hurdle, JD, LL.M, MBA, MM
Guardian Ad Litem for Blaze Boney

FILED
DALLAS COUNTY
5/2/2019 10:07 AM
FELICIA PITRE
DISTRICT CLERK

⬛

The Law Office of Ronald B. Hurdle

Margaret Thomas

May 2,  2019

*__Via Electronic Filing__*

Sarika Patel
Melanie K. Okon
OKON HANNAGAN PLLC
One Galleria Tower
13355 Noel Road, Suite 1900
Dallas, Texas 75240

Stephen Clark
UDESHI CLARK & ASSOCIATES
2201 Main Street, Suite 1250
Dallas, Texas

Re:   Cause No. DC-18-06098; Brandon Boney and Crystal Jones-Boney as Next Friend of Blaze Boney v. Lowe's Home Centers, LLC; in the 101st District Court, Dallas County, Texas

Counsel:

I have it on good authority that a Release has been executed in this matter releasing the Defendant from ALL claims and a check has been forwarded as consideration for the executed Release.  Ms. Okon, please forward me a copy of the **"executed"** Release you received from the Plaintiff. Mr. Clark, please forward me a copy of the check you received from the Defendant reflecting the consideration. You can email these documents to me at ronhurdlelaw.com.  Your prompt response to this request is highly appreciated.  Thank you very much.

Sincerely,

/s/ Ronald B. Hurdle

Ronald B. Hurdle, JD, LL.M, MBA, MM
Guardian Ad Litem for Blaze Boney

cc: Judge Staci Williams

FILED
DALLAS COUNTY
5/7/2019 12:21 PM
FELICIA PITRE
DISTRICT CLERK
Darling Tellez

Case 3:19-cv-01211-S    Document 1-1    Filed 05/20/19    Page 60 of 101    PageID 65

Exhibit 2

## CAUSE NO. <u>DC-18-06098</u>

| | | |
|---|---|---|
| **BRANDON BONEY AND** | § | **IN THE DISTRICT COURT** |
| **CRYSTAL JONES-BONEY, AS** | § | |
| **NEXT OF FRIEND FOR BLAZE** | § | |
| **BONEY** | § | |
|     **Plaintiff,** | § | |
| | § | |
| **v.** | § | **101ST JUDICIAL COURT** |
| | § | |
| **LOWES HOME CENTERS, LLC.** | § | |
|     **Defendant.** | § | **DALLAS COUNTY, TEXAS** |

## <u>MOTION TO ADOPT MOTION TO SET ASIDE AND/OR VACATE PLAINTIFFS NONSUIT</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, PLAINTIFF'S, BRANDON BONEY and CRYSTAL JONES-BONEY, AS NEXT OF FRIEND FOR BLAZE BONEY, in the above styled and numbered cause, and files this, their Motion to Adopt the Guardian Ad Litem's Motion to Set Aside and/or Vacate Plaintiff's Nonsuit, and would show the Court the following:

### I.

Plaintiffs request that the Court allow them to adopt the Guardian Ad Litem's Motion to Set Aside and/or Vacate Plaintiff's Nonsuit and the rulings thereon be adopted by reference on behalf of the Plaintiff's in this case. Such motion is essential to the Plaintiffs receiving a just amount for their causes of action against Defendant.

### II.   PRAYER

WHEREFORE, Plaintiffs pray that this Motion to Adopt be GRANTED and that the Guardian Ad Litem's Motion to Set Aside and/or Vacate Plaintiff's Nonsuit thereon be

1

adopted. Further, Plaintiffs pray for such other general, legal, and equitable relief to which they may be justly entitled.

Respectfully submitted,

BY:/s/ **Jennifer Ashmore**
**Jennifer Ashmore**
Bar No. 24031019
**Kesney Nichols**
Bar No. 24105874
**Ashmore & Ashmore**
304 N. San Jacinto
Rockwall, Texas 75087
972.325.5938 (T)
972.349.1759 (F)
**jennifer@ashmorelawfirm.com**
**kesney@ashmorelawfirm.com**

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served in accordance with the Texas Rules on the 7th day of May 2019.

**VIA E-SERVE:**

**Stephen Clark**
2201 Main Street, Suite 1250,
Dallas, Texas 75201
*Plaintiff's former Attorney*

**Melanie K. Okon**
13355 Noel Road, Suite 1900,
Dallas, Texas 75240
*Attorney for Defendant*

**Ronald Hurdle**
5435 Garland Avenue, Suite 140-223,
Garland, Texas 75038
*Guardian Ad Litem*

**/s/ Jennifer Ashmore**
**Jennifer Ashmore**

3

FILED
DALLAS COUNTY
5/7/2019 11:36 AM
FELICIA PITRE
DISTRICT CLERK

Case 3:19-cv-01211-S   Document 1-1   Filed 05/20/19   Page 63 of 101   PageID 68

**Exhibit A-1**

Margaret Thomas

## CAUSE No. DC-18-06098

| | | |
|---|---|---|
| **BRANDON BONEY AND** | § | **IN THE DISTRICT COURT** |
| **CRYSTAL JONES-BONEY,** | § | |
| **AS NEXT OF FRIEND FOR** | § | |
| **BLAZE BONEY, A MINOR,** | § | |
| **PLAINTIFFS** | § | |
| | § | |
| | § | |
| **v.** | § | **101ˢᵗ JUDICIAL DISTRICT** |
| | § | |
| **LOWE'S HOME CENTERS,** | § | **DALLAS COUNTY, TEXAS** |
| **LLC,** | | |
| **DEFENDANT** | | |

## NOTICE OF APPEARANCE AS RETAINED COUNSEL

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes the undersigned attorney and files this Notice of Appearance as retained counsel in the above-styled and numbered cause.

Respectfully submitted,

**Ashmore & Ashmore**

By:  **/s Jennifer Ashmore/**
**Jennifer Ashmore**
State Bar No. 24031019
**KC Ashmore**
State Bar No. 24040451

304 N. San Jacinto St.
Rockwall, Texas 75087
(972) 325-5938 Telephone
(972) 349-1759 Facsimile
jennifer@ashmorelawfirm.com

Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify on this 7th day of May 2019, that a true and correct copy of the foregoing was sent to the counsel of record identified below by electronic filing:

Stephen Clark
stephen@ucalaw.com
UDESHI CLARK & ASSOCIATES

Sarika Patel
spatel@okonhannagan.com
OKON HANNAGAN, PLLC

Ronald Hurdle
ron@ronhurdlelaw.com
Guardian Ad Litem for minor, Blaze Boney

*Jennifer Ashmore*

**CAUSE NO. <u>DC-18-06098</u>**

| | | |
|---|---|---|
| **BRANDON BONEY AND CRYSTAL JONES-BONEY, AS NEXT OF FRIEND FOR BLAZE BONEY** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **101ST JUDICIAL COURT** |
| | § | |
| **LOWES HOME CENTERS, LLC.** | § | |
| **Defendant.** | § | **DALLAS COUNTY, TEXAS** |

## <u>ORDER ON PLAINTIFF'S MOTION TO ADOPT MOTION TO SET ASIDE AND/OR VACATE PLAINTIFFS' NONSUIT</u>

On this date, the Court considered the Plaintiffs' Motion to Adopt the Guardian Ad Litem's Motion to Set Aside and/or Vacate Plaintiffs' Nonsuit, and finding good cause, GRANTS the motion and rulings on said motion are hereby adopted by reference for Plaintiffs.

SIGNED on _____.


_____
Judge Presiding

1

FILED
DALLAS COUNTY
5/8/2019 7:29 PM
FELICIA PITRE
DISTRICT CLERK

Margaret Thomas

**Exhibit C-1**

## CAUSE NO. DC-18-06098

| | | |
|---|---|---|
| **BRANDON BONEY AND CRYSTAL** | § | **IN THE DISTRICT COURT** |
| **JONES-BONEY, AS NEXT OF FRIEND** | § | |
| **FOR BLAZE BONEY** | § | |
|    **Plaintiff,** | § | |
| | § | |
| **v.** | § | **101ST JUDICIAL COURT** |
| | § | |
| **LOWE'S HOME CENTERS, LLC.** | § | |
|    **Defendant.** | § | **DALLAS COUNTY, TEXAS** |

## DEFENDANT LOWE'S HOME CENTERS, LLC'S RESPONSE TO GUARDIAN AD LITEM'S MOTION TO SET ASIDE AND OR VACATE PLAINTIFF'S NONSUIT AND REQUEST FOR SANCTIONS

COMES NOW, Defendant Lowe's Home Centers, LLC ("Lowe's" or "Defendant") and files its response to Guardian Ad Litem's Motion to Set Aside and or Vacate Plaintiff's Nonsuit and Request for Sanctions ("Motion to Set Aside Nonsuit"), and in support thereof, respectfully shows the Court as follows:

## I.
## BACKGROUND

1.    On May 9, 2018, Plaintiffs' Counsel filed Plaintiff's Original Petition with this Court on behalf of minor Blaze Boney ("Blaze Boney").[1] Lowe's filed its Original Answer on July 26, 2018.[2]

2.    A few weeks after, Counsel for Plaintiffs and Counsel for Lowe's began engaging in informal discovery. Informal discovery revealed that actual medical damages totaled approximately $2,000.00, there was no indication of any need for future medical expenses, and there was no indication of any permanent injuries to Blaze Boney.

---

[1] *See* Plaintiff's Original Petition filed with this Court.
[2] *See* Defendant Lowe's Home Centers, LLC's Original Answer filed with this Court.

**DEFENDANT LOWE'S HOME CENTERS, LLC'S RESPONSE TO GUARDIAN AD LITEM'S MOTION TO SET ASIDE AND OR VACATE PLAINTIFF'S NONSUIT AND REQUEST FOR SANCTIONS**   **1**

3.      Plaintiffs forwarded a demand for Lowe's to review along with medical records and bills for Blaze Boney. Based on this information and the amount Plaintiff was demanding, Lowe's prepared a counter-offer for Plaintiff's review.  After several settlement negotiations, the parties agreed on a settlement number, well in excess of the amount of actual medical damages.

4.      Once a settlement amount was reached, Counsel for Plaintiff filed Plaintiffs' First Amended Petition listing Blaze Boney's parents as next friend of Blaze Boney on September 10, 2018. [3]

5.      In efforts to move forward with settlement, on September 25, 2018, Lowe's filed Defendant Lowe's Home Centers, LLC's Agreed Motion for Appointment of a Guardian Ad Litem. [4]  This motion was filed to "protect Defendant's interests against any future lawsuit that could be brought by Blaze Boney arising from the same facts in this lawsuit."

6.      On October 5, 2018, this Court appointed Ronald B. Hurdle ("Mr. Hurdle") as the Guardian Ad Litem to represent Blaze Boney's interests in this lawsuit.[5]

7.      Although Plaintiffs and Lowe's had previously agreed to a settlement amount, Mr. Hurdle refused to recommend a settlement of Plaintiffs' claims. On January 18, 2019, Mr. Hurdle prepared a report and indicated that he was prepared to recommend a settlement to the Court that would afford Blaze Boney a recovery of no less than Twenty-Five Thousand Dollar ($25.000) – more than 12 times the actual damages alleged – over and above medical bills paid and/or incurred and attorneys' fees.  Mr. Hurdle based this assessment on his personal opinion that Plaintiff would be able to establish gross negligence against Lowe's – which Lowe's adamantly disputes and which is explained more in detail below.

---

[3] *See id.*
[4] *See id.*
[5] *See* Order Granting Defendant Lowe's Home Centers, LLC's Agreed Motion for Appointment of Guardian Ad Litem signed by the Court on October 5, 2018.

8.  Once it became clear that the parties would not be able to settle Blaze Boney's claims with guardian ad litem approval, Lowe's and Plaintiffs' opted to settle Plaintiffs' claims without guardian ad litem and/or court approval, and Lowe's accepted the risk that Blaze Boney may file a lawsuit in the future to void the settlement and re-litigate his claims.

9.  On January 29, 2019, Mr. Hurdle acknowledged that "no hearing is required to settle the parents' claim for the past medical bills" and that he "will generate [his] report and fees to the court advising the Judge that [Mr. Hurdle] cannot recommend the settlement as agreed upon for approval." In this same email, Mr. Hurdle stated he would "send . . . a copy of [his] fee statement for [Lowe's] review." Mr. Hurdle then stated that if Plaintiffs and Lowe's "want to contest any aspect of [his] statement, we will need to schedule a hearing."[6]

10.  Lowe's requested Mr. Hurdle's guardian ad litem fees on March 15, 2019 and again on March 18, 2019, and Mr. Hurdle stated his fees as of March 18, 2019 were in the amount of $2,015.00. Lowe's did not contest this amount and agreed to pay Mr. Hurdle's guardian ad litem fees in this amount once Mr. Hurdle submitted his invoices supporting his fees. [7]

11.  On March 20, 2019, Plaintiffs settled their claims with Lowe's through a confidential settlement agreement.

12.  On March 28, 2019, Plaintiffs filed an Agreed Notice of Settlement ("Notice of Settlement").[8]

13.  Shortly after on April 1, 2019, the Court sent out a notice stating that although the parties previously announced settlement in this case, final documents have not been furnished to the Court for entry.[9] In this same notice, the Court informed Plaintiffs, Lowe's, and Mr. Hurdle

---

[6] *See id.*
[7] *See id.*
[8] *See* Notice of Settlement filed on March 28, 2019.
[9] *See* Letter from Court to all Counsel of Record and/or Pro Se litigants dated April 1, 2019.

that it was setting a dismissal hearing on April 30, 2019, and that in lieu of appearing, final documents could be furnished to the Court.[10]

14.     On April 23, 2019, after receiving their settlement proceeds, Plaintiffs filed their final document, Plaintiffs' Notice of Nonsuit with Prejudice (the "Nonsuit"), with this Court.[11]

15.     On May 1, 2019, Mr. Hurdle filed his Motion to Set Aside Nonsuit in which he requested a copy of the release between Plaintiffs and Lowe's to "ensure that the interest and legal rights of [his] client have not been compromised."[12] Lowe's has informed Mr. Hurdle on several instances that the release entered by Plaintiffs and Lowe's does not intend to affect Blaze Boney's interests.[13]

## II.
## ARGUMENTS AND AUTHORITIES

### A.     Blaze Boney's rights have not been compromised as a matter of law.

16.     A person is under a legal disability if the person is younger than 18 years of age.[14] If a person entitled to bring a personal action is under a legal disability when the cause of action accrues, the time of the disability is not included in a limitations period.[15] Where a judgment is entered that affects a child, in which a child is either plaintiff or defendant, the child need only file a motion showing that judgment was rendered for or against him without the agreement of an ad litem for the judgment to be set aside.[16] Such a judgment is voidable, even where the judgment is

---

[10] *See id.*
[11] *See* Plaintiffs' Notice of Nonsuit with Prejudice.
[12] *See* Guardian Ad Litem's Motion to Set Aside or Vacate Plaintiff's Nonsuit and Request for Sanctions filed on May 1, 2019.
[13] *See* Exhibits A, B, and C.
[14] *See* Tex. Civ. Prac. & Rem. § 16.001(a)(1).
[15] *See* Tex. Civ. Prac. & Rem. § 16.001(b).
[16] *See Jones v. Parker*, 67 Tex. 76, 78 (1886); *See also Kelly v. Kelly*, 178 S.W. 686 (Tex.App.—Galveston 1915, no writ); *Jaynes v. Lee*, 306 S.W.2d 182, 184 (Tex.App.—Texarkana 1957, no writ); *Hungate v. Hungate*, 531 S.W.2d 650 (Tex.Civ.App.—El Paso 1975, no writ); *Brown v. State Farm Mut. Auto Ins.*, 449 S.W.2d 93 (Tex.Civ.App.—Fort Worth 1969, no writ).

otherwise final.[17]   Lowe's entire purpose in moving for the appointment of a guardian ad litem was to protect itself from a future suit by the minor by seeking guardian ad litem and court approval of the settlement.

17.     Because Blaze Boney is a minor and because the guardian ad litem has not agreed to the settlement and this Court has not approved the settlement through a prove up hearing, any release regarding Blaze Boney's claims ad interests is voidable under Texas law.[18]   Blaze Boney's statute of limitations to bring any claim that may arise out of the facts of the incident is tolled until his eighteenth birthday, allowing Blaze Boney to bring any claims that he believes were not resolved in his best interest until he turns twenty years old.[19]   Lowe's entered a settlement with Blaze Boney's parents to resolve this lawsuit and to provide Plaintiffs with relief from the medical bills that have accrued, even though Lowe's understands that there is a risk that Blaze Boney may bring a future claim. The settlement amount agreed to not only covers Blaze Boney's medical bills, but it also compensates Plaintiffs at a multiple that is approximately five times the amount of the actual damages Plaintiffs' sustained in this lawsuit.

18.     In addition, Lowe's settlement with Plaintiffs allows for a fair and expeditious resolution of Plaintiffs' claims without the need for further litigation. Therefore, this Court should find the settlement amount sufficient to dispose of Plaintiffs' claims as pleaded in Plaintiffs' First Amended Petition.  Because Blaze Boney's claims and interests have not been extinguished by the Plaintiffs entering a settlement with Lowe's, Lowe's asks the Court to deny Guardian Ad Litem's Motion to Set Aside Nonsuit.

---

[17] *See id.*
[18] *See id.*
[19] *See* Tex. Civ. Prac. & Rem. § 16.001

**DEFENDANT LOWE'S HOME CENTERS, LLC'S RESPONSE TO GUARDIAN AD LITEM'S MOTION TO SET ASIDE AND OR VACATE PLAINTIFF'S NONSUIT AND REQUEST FOR SANCTIONS    5**

**B.** **Guardian Ad Litem's gross negligence assessment is improper.**

19.     Grossly negligent conduct must impose an objectively higher risk than ordinary negligence or an extreme degree of risk.[20] The test for gross negligence is both an objective and subjective test.[21]   A plaintiff may prove a defendant's gross negligence by proving that the defendant had actual subjective knowledge that its conduct created an extreme degree of risk.[22] To uphold a finding of gross negligence, there must be evidence that the defendant's conduct created an extreme risk of harm and that the defendant was aware of the extreme risk.[23]

20.     The purpose of punitive damages is to protect society by punishing the offender rather than to compensate the injured party.[24] A corollary to that principle of law is that punitive damages are warranted only when the act is that of a corporation rather than the act of its "ordinary servants or agents."[25]   A corporation commits gross negligence only through the actions or inactions of a vice principal.[26] "Vice principal" encompasses (a) corporate officers; (b) those who have authority to employee, direct, and discharge servants of the master; (c) those engaged in the performance of nondelegable or absolute duties of the master; and (d) those to whom the master has confined the management of the whole or a department or a division of the business.[27]

21.     In support of his recommendations, Mr. Hurdle alleges that Lowe's actions constitute gross negligence. However, Mr. Hurdle's assessment regarding gross negligence is incorrect. Even if the alleged condition is found to be extremely risky, there is no evidence that a vice principal at Lowe's was aware of the condition or of an extreme risk associated with the

---

[20] *See Wal-Mart Stores, Inc. v. Alexander*, 868 S.W.2d 322 (1993).
[21] *See id.* at 326.
[22] *See id.*
[23] *See id.*
[24] *See Hammerly Oaks, Inc. v. Edwards*, 958 S.W.2d 387, 391 (Tex. 1997).
[25] *See id.*
[26] *See Mobil Oil Corp. v. Ellender*, 968 S.W.2d 917, 922 (Tex. 1998).
[27] *See id.*

condition. Not only was a vice principal not aware of the alleged extremely dangerous conditions, but in this case, no employee of Lowe's was aware of the alleged condition before this incident occurred. Because it is clear that the elements of gross negligence cannot be met to hold Lowe's liable for punitive damages, a gross negligence analysis should not be used by the Court in determining whether the settlement between Plaintiffs and Lowe's was reasonable.

**C.**     **Lowe's has agreed to pay Guardian Ad Litem's reasonable fees; however, Guardian Ad Litem has failed to submit his invoices.**

22.     Lowe's has offered to pay Mr. Hurdle's reasonable guardian ad litem fees; however, Mr. Hurdle has failed to submit his invoices and has not provided any other documents supporting the amount of compensation he is requesting to the Court or to Lowe's. When counsel for Lowe's requested Mr. Hurdle's fees on March 18, 2019, Mr. Hurdle indicated the amount of his total fees as of this date was $2,015.00. Lowe's has not contested this amount and stands ready to pay those fees once an invoice and W-9 are provided.

**D.**     **Lowe's owes no duty to Blaze Boney and cannot be sanctioned based on Plaintiffs' Counsel actions.**

23.     Lowe's has not engaged in any actions that are sanctionable. Mr. Hurdle claims that the filing a Notice of Nonsuit has attempted to thwart the Court's objective of providing adequate counsel for the minor in determining if the proposed settlement was in the best interest of the minor.  However, the minor retains the right to void the settlement agreement.[28] Lowe's fulfilled its obligations to Plaintiffs by paying Plaintiffs the amount reflected in the settlement agreement. After Plaintiffs received this payment, Counsel for Plaintiffs filed the Nonsuit.

24.     Mr. Hurdle has not cited to any authority to support that Lowe's engaged in any sanctionable conduct, and Lowe's should not be sanctioned for entering settlement agreement with Plaintiffs that allowed Plaintiffs to be compensated for the damages Plaintiffs were attempting to

---

[28] *See generally* Tex. Civ. Prac. & Rem. § 16.001.

**DEFENDANT LOWE'S HOME CENTERS, LLC'S RESPONSE TO GUARDIAN AD LITEM'S MOTION TO SET ASIDE AND OR VACATE PLAINTIFF'S NONSUIT AND REQUEST FOR SANCTIONS          7**

recover in this lawsuit. In addition, Lowe's did not file the Nonsuit that Mr. Hurdle complains of in his Motion to Set Aside Nonsuit. Because Lowe's did not engage in any conduct that is sanctionable by settling Plaintiffs' claims, this Court should deny Mr. Hurdle's request for sanctions against Lowe's.

## III.
## PRAYER

WHEREFORE, PREMISES CONDISERED, Lowe's requests that this Court deny Guardian Ad Litem's Motion and grant Lowe's all other and further relief to which it may show itself to be justly entitled.

Respectfully submitted,

**OKON HANNAGAN, PLLC**

By: */s/ Melanie K. Okon*

**MELANIE K. OKON**
State Bar No. 24012951
Email:  mokon@okonhannagan.com
**SARIKA PATEL**
State Bar No. 24073520
Email:  spatel@okonhannagan.com

One Galleria Tower
13355 Noel Road, Suite 1900
Dallas, TX 75240
Telephone: 214-396-9650
Facsimile: 469-909-6115

**COUNSEL FOR DEFENDANT**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this the 8th day of May, 2019, a true and correct copy of the above and foregoing has been served upon the following counsel in accordance with the Texas Rules of Civil Procedure.

**<u>VIA EMAIL:</u>**
Stephen Clark
stephen@ucalaw.com
Kunal Udeshi
kunal@ucalaw.com
UDESHI CLARK & ASSOCIATES
2201 Main St., Ste. 1250
Dallas, Texas 75201
**COUNSEL FOR PLAINTIFF**
Jennifer Ashmore
Kensey Nichols
Ashmore & Ashmore
304 N. San Jacinto
Rockwall, Texas 75087
Telephone: (972) 325-5938
jennifer@ashmorelawfirm.com
kesney@ashmorelawfirm.com

**COUNSEL FOR PLAINTIFF**


Ron Hurdle
Law Office of Ronald B. Hurdle
5435 North Garland Ave.
Suite 140-223
Garland, Texas 75040
Telephone: 972-813-9305
ron@ronhurdlelaw.com

**GUARDIAN AD LITEM**


_/s/ Melanie K. Okon_
**Melanie K. Okon**

**Sarika Patel**

| | |
|---|---|
| **From:** | Ronald Hurdle <rbhurdle@gmail.com> |
| **Sent:** | Tuesday, January 29, 2019 11:55 PM |
| **To:** | Melanie Okon |
| **Cc:** | Stephen Clark; Sarika Patel; Jessica Terry |
| **Subject:** | Re: Boney v. Lowes |

You are correct Melanie. No hearing is required to settle the parents' claim for the past medical bills. I will generate my report and fees to the court advising the Judge that I can not recommend the settlement as agreed upon for approval. I will send you a copy of my fee statement for your review. If you want to contest any aspect of my statement, we will need to schedule a hearing. So please advise. Thanks all.

Sent from my iPad

On Jan 29, 2019, at 5:04 PM, Melanie Okon <MOkon@okonhannagan.com> wrote:

> Stephen,
>
> I want to make sure we are on the same page. Are you saying that the parents only want to settle the case for the medical bills and leave all claims open regarding the personal injuries? Are you proposing that the case would continue with you representing the minor with regard to the personal injuries, or are you proposing to nonsuit or dismiss the case? If the minor's claims are not being settled, I don't think we would need to have the hearing at all. However, I am not sure my client would want to partially settle the case, so I would need to discuss that with them.
>
> Thanks,
>
> Melanie
>
> Melanie Kemp Okon
> *Partner*
> **Okon Hannagan, PLLC**
> One Galleria Tower
> 13355 Noel Road, Suite 1900
> Dallas, TX 75240
> p: 214.396.9650 (main)
>    214.396.9651 (direct)
> f: 469.909.6115
> w: www.okonhannagan.com
> e: mokon@okonhannagan.com
>
> <image001.png> <image003.jpg> <image005.png>
>
> <image006.jpg><image008.jpg> <image009.jpg>
>
> **From:** Stephen Clark <stephen@clgtx.com>
> **Sent:** Tuesday, January 29, 2019 4:01 PM
> **To:** Melanie Okon <MOkon@okonhannagan.com>; rbhurdle@gmail.com

Cc: Sarika Patel <SPatel@okonhannagan.com>; Jessica Terry <jterry@okonhannagan.com>
**Subject:** RE: Boney v. Lowes

Good afternoon:

I attempted to contact Mr. Hurdle today and was unsuccessful.  I believe the parents are in agreement to settle their portion of the claim and then leave the portion of the child's claim open.  Mr. Hurdle can continue doing whatever it is he needs to do.  Let's set up some time to present this to the Court.  I guess Mr. Hurdle can then explain himself to the Judge.

Best Regards,

Stephen Clark
<image026.jpg>
2201 Main St., Ste. 1250
Dallas, TX 75201
Direct: (469) 906-2266
Fax: (469) 906-2299

<image027.png>

Visit our website at: http://www.clgtx.com

NOTICE BY Clark Law Group - This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521, and is legally privileged.  The information contained in this e-mail is intended only for use of the individual or entity named above.  If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, disclosure, copying, distribution or the taking of any action in reliance on the contents of this message or its attachments is strictly prohibited, and may be unlawful.  Unintended transmission does not constitute waiver of the attorney-client privilege or any other privilege. If you have received this communication in error, please immediately notify us by telephone and destroy the original message.  Thank you.Unless expressly stated otherwise, nothing contained in this message should be construed as a digital or electronic signature, nor is it intended to reflect an intention to make an agreement by electronic means.

**From:** Melanie Okon <MOkon@okonhannagan.com>
**Sent:** Thursday, January 10, 2019 10:58 AM
**To:** rbhurdle@gmail.com
**Cc:** Stephen Clark <stephen@clgtx.com>; Sarika Patel <SPatel@okonhannagan.com>; Jessica Terry <jterry@okonhannagan.com>
**Subject:** Fwd: Boney v. Lowes

Re-sending.

Sent from my iPhone

Begin forwarded message:

> **From:** Melanie Okon <MOkon@okonhannagan.com>
> **Date:** January 10, 2019 at 9:50:26 AM CST
> **To:** Stephen Clark <stephen@clgtx.com>, Ronald Hurdle <rbhurdle@gmail.com>, Sarika Patel <spatel@okonhannagan.com>
> **Cc:** Jessica Terry <jterry@okonhannagan.com>
> **Subject: RE: Boney v. Lowes**
>
> Mr. Hurdle:

I certainly understand and agree with Mr. Clark's frustration. We will forgo having a call this morning.

Since you have advised us that you will not recommend the current settlement agreement agreed to by the parties, will you please let us know what amount you would be willing to recommend so the parties can decide whether to abandon this process or go forward? We are not interested in churning up fees with continued new negotiations with you as ad litem, so we would just like to assess whether this process has any chance of being productive and, if not, we will advise our client to settle with Plaintiffs without court approval and take the chance that Blaze Boney may re-assert claims when he reaches adulthood. We are not interested in running up ad litem fees to an amount rivaling the amount in controversy. And, I'm sure Plaintiffs would like to get this matter resolved quickly so they can get the payment from Lowe's for the medical bills.

Thank you,

Melanie

Melanie Kemp Okon
*Partner*
**Okon Hannagan, PLLC**
One Galleria Tower
13355 Noel Road, Suite 1900
Dallas, TX 75240
p:  214.396.9650 (main)
    214.396.9651 (direct)
f:  469.909.6115
w:  www.okonhannagan.com
e:  mokon@okonhannagan.com

<image028.png> <image029.jpg> <image030.png>


<image031.jpg><image032.jpg> <image033.jpg>


**From:** Stephen Clark <stephen@clgtx.com>
**Sent:** Thursday, January 10, 2019 9:40 AM
**To:** Melanie Okon <MOkon@okonhannagan.com>; Ronald Hurdle <rbhurdle@gmail.com>; Sarika Patel <SPatel@okonhannagan.com>
**Cc:** Jessica Terry <jterry@okonhannagan.com>
**Subject:** RE: Boney v. Lowes

Good morning:

I may have spoken too soon. I have other meetings that were scheduled prior to the short notice I was provided. I will not be able to be in attendance at the conference call. I also am not going to continue wasting my time with conference calls on this case that are continuously cancelled and rescheduled. Please send all further correspondence in writing to my office. Thank you.

Best Regards,

Stephen Clark

2201 Main St., Ste. 1250
Dallas, TX 75201
Direct: (469) 906-2266
Fax: (469) 906-2299

<image027.png>

Visit our website at: http://www.clgtx.com

**NOTICE BY Clark Law Group** - This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521, and is legally privileged. The information contained in this e-mail is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, disclosure, copying, distribution or the taking of any action in reliance on the contents of this message or its attachments is strictly prohibited, and may be unlawful. Unintended transmission does not constitute waiver of the attorney-client privilege or any other privilege. If you have received this communication in error, please immediately notify us by telephone and destroy the original message. Thank you.Unless expressly stated otherwise, nothing contained in this message should be construed as a digital or electronic signature, nor is it intended to reflect an intention to make an agreement by electronic means.

**From:** Melanie Okon <MOkon@okonhannagan.com>
**Sent:** Thursday, January 10, 2019 9:32 AM
**To:** Ronald Hurdle <rbhurdle@gmail.com>; Sarika Patel <SPatel@okonhannagan.com>
**Cc:** Stephen Clark <stephen@clgtx.com>; Jessica Terry <jterry@okonhannagan.com>
**Subject:** RE: Boney v. Lowes

Mr. Hurdle:

There is no applicable insurance in this matter, as the amount in controversy is less than Lowe's self-insured retention.

Melanie

Melanie Kemp Okon
*Partner*
**Okon Hannagan, PLLC**
One Galleria Tower
13355 Noel Road, Suite 1900
Dallas, TX 75240
p:  214.396.9650 (main)
    214.396.9651 (direct)
f:  469.909.6115
w:  www.okonhannagan.com
e:  mokon@okonhannagan.com

<image034.png> <image035.jpg> <image036.png>

<image037.jpg><image032.jpg> <image038.jpg>

**From:** Ronald Hurdle <rbhurdle@gmail.com>
**Sent:** Thursday, January 10, 2019 8:16 AM
**To:** Sarika Patel <SPatel@okonhannagan.com>
**Cc:** Stephen Clark <stephen@clgtx.com>; Melanie Okon <MOkon@okonhannagan.com>
**Subject:** Re: Boney v. Lowes

Again I apologize for yesterday. Still waiting on Stephen to confirm today, Thursday, Jan 10th at 10:00 am to confirm attendance on our conference call. Sarika, in the interim, would you confirm the limits of your client's CGL and any other policies that may apply. I will need this information for my Ad Litem report to the court. Thanks all.

Sent from Ron's iPhone

On Jan 9, 2019, at 2:22 PM, Sarika Patel <SPatel@okonhannagan.com> wrote:

> Ron,
>
> Stephen, Melanie, and I waited on the conference call for approximately 15 minutes, but it seems as if something came up with you. Please let us know what time you would like us to reconvene.
>
> Thank you,
>
> Sarika
>
> ---
>
> **From:** Stephen Clark <stephen@clgtx.com>
> **Sent:** Wednesday, January 9, 2019 2:07:38 PM
> **To:** Ronald Hurdle; Sarika Patel
> **Subject:** RE: Boney v. Lowes
>
> Mr. Hurdle:
>
> We are on the conference call waiting for you to join. Please let me know if you are still planning on attending our call.
>
> Best Regards,
>
> Stephen Clark
> <image003.jpg>
> 2201 Main St., Ste. 1250
> Dallas, TX 75201
> Direct: (469) 906-2266
> Fax: (469) 906-2299
>
> <image002.png>
>
> Visit our website at: http://www.clgtx.com

NOTICE BY Clark Law Group - This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521, and is legally privileged. The information contained in this e-mail is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, disclosure, copying, distribution or the taking of any action in reliance on the contents of this message or its attachments is strictly prohibited, and may be unlawful. Unintended transmission does not constitute waiver of the attorney-client privilege or any other privilege. If you have received this communication in error, please immediately notify us by telephone and destroy the original message. Thank you.Unless expressly stated otherwise, nothing contained in this message should be construed as a digital or electronic signature, nor is it intended to reflect an intention to make an agreement by electronic means.

**From:** Ronald Hurdle <rbhurdle@gmail.com>
**Sent:** Monday, January 7, 2019 5:40 PM
**To:** Sarika Patel <SPatel@okonhannagan.com>; Stephen Clark
<stephen@clgtx.com>
**Subject:** Re: Boney v. Lowes

Let's use (515) 604-9626 with the access code of 829300. Talk on
Wednesday the 9th at 2pm.


Ronald B. Hurdle
Attorney at Law
JD, MBA, LL.M, MM


On Mon, Jan 7, 2019 at 5:34 PM Sarika Patel
<SPatel@okonhannagan.com> wrote:

Thank you Ron. We look forward to discussing with you on Wednesday
the 9th at 2pm. Can you please circulate a conference line for the
parties to use?

Thank you,

Sarika



**From:** Ronald Hurdle <rbhurdle@gmail.com>
**Sent:** Monday, January 07, 2019 5:31 PM
**To:** Sarika Patel <SPatel@okonhannagan.com>
**Subject:** Boney v. Lowes

In preparation for our conference call on Wednesday. Please confirm
time and conference call information. See the attached photos.



Ronald B. Hurdle
Attorney at Law
JD, MBA, LL.M, MM

**Sarika Patel**

| | |
|---|---|
| **From:** | Ronald Hurdle <rbhurdle@gmail.com> |
| **Sent:** | Tuesday, January 29, 2019 11:59 PM |
| **To:** | Melanie Okon |
| **Cc:** | Stephen Clark; Sarika Patel; Jessica Terry |
| **Subject:** | Re: Boney v. Lowes |

You should also understand that Steve does not represent Blaze in this case and cannot settle his claims. That is why I was appointed. You also need to know that there is nothing preventing the court from appointing an "attorney" ad litem (vs Guardian ad litem) to represent Blaze with a new and separate lawsuit for his general and exemplary damages.

Sent from my iPad

On Jan 29, 2019, at 5:04 PM, Melanie Okon <MOkon@okonhannagan.com> wrote:

> Stephen,
>
> I want to make sure we are on the same page. Are you saying that the parents only want to settle the case for the medical bills and leave all claims open regarding the personal injuries? Are you proposing that the case would continue with you representing the minor with regard to the personal injuries, or are you proposing to nonsuit or dismiss the case? If the minor's claims are not being settled, I don't think we would need to have the hearing at all. However, I am not sure my client would want to partially settle the case, so I would need to discuss that with them.
>
> Thanks,
>
> Melanie
>
> Melanie Kemp Okon
> *Partner*
> **Okon Hannagan, PLLC**
> One Galleria Tower
> 13355 Noel Road, Suite 1900
> Dallas, TX 75240
> p: 214.396.9650 (main)
>    214.396.9651 (direct)
> f: 469.909.6115
> w: www.okonhannagan.com
> e: mokon@okonhannagan.com
>
> <image001.png> <image003.jpg> <image005.png>
>
> <image006.jpg><image008.jpg> <image009.jpg>
>
> **From:** Stephen Clark <stephen@clgtx.com>
> **Sent:** Tuesday, January 29, 2019 4:01 PM
> **To:** Melanie Okon <MOkon@okonhannagan.com>; rbhurdle@gmail.com
> **Cc:** Sarika Patel <SPatel@okonhannagan.com>; Jessica Terry <jterry@okonhannagan.com>
> **Subject:** RE: Boney v. Lowes

1

Good afternoon:

I attempted to contact Mr. Hurdle today and was unsuccessful. I believe the parents are in agreement to settle their portion of the claim and then leave the portion of the child's claim open. Mr. Hurdle can continue doing whatever it is he needs to do. Let's set up some time to present this to the Court. I guess Mr. Hurdle can then explain himself to the Judge.

Best Regards,

Stephen Clark
<image026.jpg>
2201 Main St., Ste. 1250
Dallas, TX 75201
Direct: (469) 906-2266
Fax: (469) 906-2299

<image027.png>

Visit our website at: http://www.clgtx.com

NOTICE BY Clark Law Group - This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521, and is legally privileged. The information contained in this e-mail is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, disclosure, copying, distribution or the taking of any action in reliance on the contents of this message or its attachments is strictly prohibited, and may be unlawful. Unintended transmission does not constitute waiver of the attorney-client privilege or any other privilege. If you have received this communication in error, please immediately notify us by telephone and destroy the original message. Thank you.Unless expressly stated otherwise, nothing contained in this message should be construed as a digital or electronic signature, nor is it intended to reflect an intention to make an agreement by electronic means.

**From:** Melanie Okon <MOkon@okonhannagan.com>
**Sent:** Thursday, January 10, 2019 10:58 AM
**To:** rbhurdle@gmail.com
**Cc:** Stephen Clark <stephen@clgtx.com>; Sarika Patel <SPatel@okonhannagan.com>; Jessica Terry <jterry@okonhannagan.com>
**Subject:** Fwd: Boney v. Lowes

Re-sending.

Sent from my iPhone

Begin forwarded message:

> **From:** Melanie Okon <MOkon@okonhannagan.com>
> **Date:** January 10, 2019 at 9:50:26 AM CST
> **To:** Stephen Clark <stephen@clgtx.com>, Ronald Hurdle <rbhurdle@gmail.com>, Sarika Patel <spatel@okonhannagan.com>
> **Cc:** Jessica Terry <jterry@okonhannagan.com>
> **Subject: RE: Boney v. Lowes**
>
> Mr. Hurdle:
>
> I certainly understand and agree with Mr. Clark's frustration. We will forgo having a call this morning.

Since you have advised us that you will not recommend the current settlement agreement agreed to by the parties, will you please let us know what amount you would be willing to recommend so the parties can decide whether to abandon this process or go forward? We are not interested in churning up fees with continued new negotiations with you as ad litem, so we would just like to assess whether this process has any chance of being productive and, if not, we will advise our client to settle with Plaintiffs without court approval and take the chance that Blaze Boney may re-assert claims when he reaches adulthood. We are not interested in running up ad litem fees to an amount rivaling the amount in controversy. And, I'm sure Plaintiffs would like to get this matter resolved quickly so they can get the payment from Lowe's for the medical bills.

Thank you,

Melanie

Melanie Kemp Okon
*Partner*
**Okon Hannagan, PLLC**
One Galleria Tower
13355 Noel Road, Suite 1900
Dallas, TX 75240
p:  214.396.9650 (main)
    214.396.9651 (direct)
f:  469.909.6115
w:  www.okonhannagan.com
e:  mokon@okonhannagan.com

<image028.png> <image029.jpg> <image030.png>

<image031.jpg><image032.jpg> <image033.jpg>

**From:** Stephen Clark <stephen@clgtx.com>
**Sent:** Thursday, January 10, 2019 9:40 AM
**To:** Melanie Okon <MOkon@okonhannagan.com>; Ronald Hurdle <rbhurdle@gmail.com>; Sarika Patel <SPatel@okonhannagan.com>
**Cc:** Jessica Terry <jterry@okonhannagan.com>
**Subject:** RE: Boney v. Lowes

Good morning:

I may have spoken too soon. I have other meetings that were scheduled prior to the short notice I was provided. I will not be able to be in attendance at the conference call. I also am not going to continue wasting my time with conference calls on this case that are continuously cancelled and rescheduled. Please send all further correspondence in writing to my office. Thank you.

Best Regards,

Stephen Clark
<image026.jpg>
2201 Main St., Ste. 1250
Dallas, TX 75201

Direct: (469) 906-2266
Fax: (469) 906-2299

<image027.png>

Visit our website at: http://www.clgtx.com

**NOTICE BY Clark Law Group -** This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521, and is legally privileged. The information contained in this e-mail is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, disclosure, copying, distribution or the taking of any action in reliance on the contents of this message or its attachments is strictly prohibited, and may be unlawful. Unintended transmission does not constitute waiver of the attorney-client privilege or any other privilege. If you have received this communication in error, please immediately notify us by telephone and destroy the original message. Thank you. Unless expressly stated otherwise, nothing contained in this message should be construed as a digital or electronic signature, nor is it intended to reflect an intention to make an agreement by electronic means.

**From:** Melanie Okon <MOkon@okonhannagan.com>
**Sent:** Thursday, January 10, 2019 9:32 AM
**To:** Ronald Hurdle <rbhurdle@gmail.com>; Sarika Patel <SPatel@okonhannagan.com>
**Cc:** Stephen Clark <stephen@clgtx.com>; Jessica Terry <jterry@okonhannagan.com>
**Subject:** RE: Boney v. Lowes

Mr. Hurdle:

There is no applicable insurance in this matter, as the amount in controversy is less than Lowe's self-insured retention.

Melanie

Melanie Kemp Okon
*Partner*
**Okon Hannagan, PLLC**
One Galleria Tower
13355 Noel Road, Suite 1900
Dallas, TX 75240
p: 214.396.9650 (main)
   214.396.9651 (direct)
f: 469.909.6115
w: www.okonhannagan.com
e: mokon@okonhannagan.com

<image034.png> <image035.jpg> <image036.png>

<image037.jpg><image032.jpg> <image038.jpg>

**From:** Ronald Hurdle <rbhurdle@gmail.com>
**Sent:** Thursday, January 10, 2019 8:16 AM
**To:** Sarika Patel <SPatel@okonhannagan.com>
**Cc:** Stephen Clark <stephen@clgtx.com>; Melanie Okon <MOkon@okonhannagan.com>
**Subject:** Re: Boney v. Lowes

Again I apologize for yesterday. Still waiting on Stephen to confirm today, Thursday, Jan 10th at 10:00 am to confirm attendance on our conference call. Sarika, in the interim,

would you confirm the limits of your client's CGL and any other policies that may apply. I will need this information for my Ad Litem report to the court. Thanks all.

Sent from Ron's iPhone

On Jan 9, 2019, at 2:22 PM, Sarika Patel <SPatel@okonhannagan.com> wrote:

> Ron,
>
> Stephen, Melanie, and I waited on the conference call for approximately 15 minutes, but it seems as if something came up with you. Please let us know what time you would like us to reconvene.
>
> Thank you,
>
> Sarika
>
> ---
>
> **From:** Stephen Clark <stephen@clgtx.com>
> **Sent:** Wednesday, January 9, 2019 2:07:38 PM
> **To:** Ronald Hurdle; Sarika Patel
> **Subject:** RE: Boney v. Lowes
>
> Mr. Hurdle:
>
> We are on the conference call waiting for you to join.  Please let me know if you are still planning on attending our call.
>
> Best Regards,
>
> Stephen Clark
> <image003.jpg>
> 2201 Main St., Ste. 1250
> Dallas, TX 75201
> Direct: (469) 906-2266
> Fax: (469) 906-2299
>
> <image002.png>
>
> Visit our website at: http://www.clgtx.com

NOTICE BY Clark Law Group - This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521, and is legally privileged.  The information contained in this e-mail is intended only for use of the individual or entity named above.  If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, disclosure, copying, distribution or the taking of any action in reliance on the contents of this message or its attachments is strictly prohibited, and may be unlawful.  Unintended transmission does not constitute waiver of the attorney-client privilege or any other privilege. If you have received this communication in error, please immediately notify us by telephone and destroy the original message.  Thank you.Unless expressly stated otherwise, nothing contained in this message should be construed as a digital or electronic signature, nor is it intended to reflect an intention to make an agreement by electronic means.

**From:** Ronald Hurdle <rbhurdle@gmail.com>
**Sent:** Monday, January 7, 2019 5:40 PM

**To:** Sarika Patel <SPatel@okonhannagan.com>; Stephen Clark <stephen@clgtx.com>
**Subject:** Re: Boney v. Lowes

Let's use (515) 604-9626 with the access code of 829300. Talk on Wednesday the 9th at 2pm.


Ronald B. Hurdle
Attorney at Law
JD, MBA, LL.M, MM


On Mon, Jan 7, 2019 at 5:34 PM Sarika Patel <SPatel@okonhannagan.com> wrote:

Thank you Ron. We look forward to discussing with you on Wednesday the 9th at 2pm. Can you please circulate a conference line for the parties to use?

Thank you,

Sarika



**From:** Ronald Hurdle <rbhurdle@gmail.com>
**Sent:** Monday, January 07, 2019 5:31 PM
**To:** Sarika Patel <SPatel@okonhannagan.com>
**Subject:** Boney v. Lowes

In preparation for our conference call on Wednesday. Please confirm time and conference call information. See the attached photos.



Ronald B. Hurdle
Attorney at Law
JD, MBA, LL.M, MM

**Exhibit C**

**Sarika Patel**

| | |
|---|---|
| **From:** | Melanie Okon |
| **Sent:** | Wednesday, March 20, 2019 4:02 PM |
| **To:** | Ronald Hurdle |
| **Cc:** | Jessica Terry; Sarika Patel |
| **Subject:** | RE: Boney v. Lowe's - GAL fees |

I am requesting that you send me the invoice now and if you do I will put it in line for payment.  If not, I guess I will wait for a hearing and see whether the court orders Lowe's to pay the fees and, if so, in what amount.

Melanie Kemp Okon
*Partner*
**Okon Hannagan, PLLC**
One Galleria Tower
13355 Noel Road, Suite 1900
Dallas, TX 75240
p:  214.396.9650 (main)
    214.396.9651 (direct)
f:  469.909.6115
w:  www.okonhannagan.com
e:  mokon@okonhannagan.com

 

  

**From:** Ronald Hurdle <rbhurdle@gmail.com>
**Sent:** Wednesday, March 20, 2019 4:00 PM
**To:** Melanie Okon <MOkon@okonhannagan.com>
**Subject:** Re: Boney v. Lowe's - GAL fees

I will file them both with the court along with my report, recommending non-approval of the settlement agreement and the appointment of an attorney ad litem to pursue the claim for the minor. I was hoping that I would have a hearing date by now. I will follow up with you once I hear back from the court.


Ronald B. Hurdle
Attorney at Law
JD, MBA, LL.M, MM


On Wed, Mar 20, 2019 at 3:11 PM Melanie Okon <MOkon@okonhannagan.com> wrote:

  Please send me an invoice and a W-9.

1

Sent from my iPhone

On Mar 18, 2019, at 1:41 PM, Ronald Hurdle <rbhurdle@gmail.com> wrote:

$2,015

Ronald B. Hurdle
Attorney at Law
JD, MBA, LL.M, MM

On Mon, Mar 18, 2019 at 12:33 PM Melanie Okon <MOkon@okonhannagan.com> wrote:

Ron,

Can you please send the fees?

Thanks,

Melanie

Sent from my iPhone

On Mar 15, 2019, at 4:53 PM, Ronald Hurdle <rbhurdle@gmail.com> wrote:

In my car now, but can send it when I get back later

Sent from Ron's iPhone

On Mar 15, 2019, at 4:22 PM, Melanie Okon <MOkon@okonhannagan.com> wrote:

Ron,

Can you just tell us how much has been incurred to date?

Thanks,

Melanie

Sent from my iPhone

On Mar 15, 2019, at 4:20 PM, Ronald Hurdle <rbhurdle@gmail.com> wrote:

Will do, along with my report that should be completed this weekend. I have ask the court for a hearing but have not heard anything yet

Sent from Ron's iPhone

On Mar 15, 2019, at 2:32 PM, Sarika Patel <SPatel@okonhannagan.com> wrote:

Ron,

Can you please send us the amount of
your current fees in the Boney
matter?

Thank you,

Sarika Patel
*Associate Attorney*
**Okon Hannagan, PLLC**
One Galleria Tower
13355 Noel Road, Suite 1900
Dallas, TX 75240
p:  214.396.9650 (main)
    214.396.9654 (direct)
f:  469.909.6115
w:  www.okonhannagan.com
e:  spatel@okonhannagan.com

<image007.png><image008.jpg><image009.png>

CAUSE NO. <u>DC-18-06098</u>

| | | |
|---|---|---|
| **BRANDON BONEY AND CRYSTAL JONES-BONEY, AS NEXT OF FRIEND FOR BLAZE BONEY**<br>  Plaintiff, | §<br>§<br>§<br>§<br>§<br>§ | **IN THE DISTRICT COURT** |
| **v.** | §<br>§ | **101ST JUDICIAL COURT** |
| **LOWES HOME CENTERS, LLC.**<br>  Defendant. | §<br>§<br>§ | **DALLAS COUNTY, TEXAS** |

## <u>ORDER ON PLAINTIFF'S MOTION TO ADOPT MOTION TO SET ASIDE AND/OR VACATE PLAINTIFFS' NONSUIT</u>

On this date, the Court considered the Plaintiffs' Motion to Adopt the Guardian Ad Litem's Motion to Set Aside and/or Vacate Plaintiffs' Nonsuit, and finding good cause, GRANTS the motion and rulings on said motion are hereby adopted by reference for Plaintiffs.

SIGNED on _May 9, 2019_

_____
Judge Presiding

1

NO. DC-18-06098

| | | |
|---|---|---|
| BRANDON BONEY AND CRYSTAL | § | IN THE DISTRICT COURT |
| JONES-BONEY, AS NEXT OF FRIEND | § | |
| FOR BLAZE BONEY, A MINOR, | § | |
| PLAINTIFFS | § | |
| | § | 101st JUDICIAL DISTRICT |
| V. | § | |
| | § | |
| LOWE'S HOME CENTERS, LLC, | § | DALLAS COUNTY, TEXAS |
| DEFENDANT | § | |

## ORDER ON GUARDIAN AD LITEM'S MOTION
## TO SET ASIDE AND OR VACATE PLAINTIFF'S NONSUIT
## AND REQUEST FOR COSTS AND SANCTIONS

Came on to be heard on this the 9th day of May 2019, the Guardian Ad Litem's Motion to set aside and or vacate Plaintiff's Notice of Nonsuit with Prejudice and request for costs and sanctions in the above and numbered cause.

After reviewing the motion and response, all pleadings on file and arguments of counsel for both the Plaintiff and Defendant, the Court is of the opinion that the Guardian Ad Litem's Motion to set aside and or vacate Plaintiff's Notice of Nonsuit with Prejudice and request for costs and sanctions is GRANTED

THEREFORE IT IS ORDERED that Plaintiff's notice of nonsuit with prejudice be set aside and the case placed back on the Court's docket for final adjudication.

IT IS FURTHER ORDERED that the Guardian Ad Litem be awarded cost of $1,050, for the time needed in the preparation of this motion and attending the hearing. These costs to be borne equally by Plaintiff counsel and Defendant counsel. Amount of Costs to be paid to the Guardian Ad Litem by the _____ day of _____, 2019, after which interest will accrue as allowed by law.

IT IS FURTHER ORDERED that sanctions in the total amount of $_____ be assessed equally against Stephen Clark, counsel for the Plaintiff and against Melanie Okon, counsel for the Defendant. Total sanction amount to be added to any settlement received or verdict rendered in favor of the minor, Blaze Boney at final adjudication.

Order on Guardian Ad Litem's Motion to Set Aside Nonsuit and Request for Sanctions

All other relief not specifically stated in this Order is denied.


SIGNED on this the _____ day of _____, 2019


_____
PRESIDING JUDGE

NO. DC-18-06098

| | | |
|---|---|---|
| BRANDON BONEY AND CRYSTAL | § | IN THE DISTRICT COURT |
| JONES-BONEY, AS NEXT OF FRIEND | § | |
| FOR BLAZE BONEY, A MINOR, | § | |
| PLAINTIFFS | § | |
| | § | 101st JUDICIAL DISTRICT |
| V. | § | |
| | § | |
| LOWE'S HOME CENTERS, LLC, | § | DALLAS COUNTY, TEXAS |
| DEFENDANT | § | |

### ORDER ON GUARDIAN AD LITEM'S MOTION
### TO SET ASIDE AND OR VACATE PLAINTIFF'S NONSUIT
### AND REQUEST FOR COSTS AND SANCTIONS

Came on to be heard on this the 9th day of May 2019, the Guardian Ad Litem's Motion to

set aside and or vacate Plaintiff's Notice of Nonsuit with Prejudice and request for costs and

sanctions in the above and numbered cause.

After reviewing the motion and response, all pleadings on file and arguments of counsel for

both the Plaintiff and Defendant, the Court is of the opinion that the Guardian Ad Litem's Motion

to set aside and or vacate Plaintiff's Notice of Nonsuit with Prejudice and request for costs and

sanctions is GRANTED

THEREFORE IT IS ORDERED that Plaintiff's notice of nonsuit with prejudice be set

aside and the case placed back on the Court's docket for final adjudication.

IT IS FURTHER ORDERED that the Guardian Ad Litem be awarded cost of $1,050, for

the time needed in the preparation of this motion and attending the hearing. These costs to be

borne equally by Plaintiff counsel and Defendant counsel. Amount of Costs to be paid to the

Guardian Ad Litem by the ~~day of~~ ~~, 2019,~~ *within 20 (twenty) days from the date of this and* after which interest will accrue as

allowed by law.

IT IS FURTHER ORDERED that sanctions in the total amount of $ *7,500.00* be

assessed ~~equally~~ *individually* against Stephen Clark, counsel for the Plaintiff and against Melanie Okon, counsel

for the Defendant, ~~Total sanction amount to be added to any settlement received or verdict~~ *for purposefully nonsuiting the case, with knowledge that an ad Litem had been appointed and had voiced concerns and objections to the proposed settlement*

rendered in favor of the minor, Blaze Boney at final adjudication. *and was*

Order on Guardian Ad Litem's Motion to Set Aside Nonsuit and Request for Sanctions

*The actions of counsel were meant to block ad Litem and his objections and was an outright attempt to subvert justice, other less imposing alternatives were considered but did not rise to seriousness of the breach of...*

All other relief not specifically stated in this Order is denied.

SIGNED on this the 13th day of _____ May _____, 2019

_____
PRESIDING JUDGE

FILED
DALLAS COUNTY
5/17/2019 9:30 AM
FELICIA PITRE
DISTRICT CLERK

Darling Tellez

**Exhibit G-1**

## CAUSE NO. DC-18-06098

| | | |
|---|---|---|
| BRANDON BONEY AND CRYSTAL JONES-BONEY, INDIVIDUALLY AND AS NEXT FRIEND OF BLAZE BONEY | §<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT |
| PLAINTIFFS | §<br>§ | |
| vs. | §<br>§ | 101ST JUDICIAL DISTRICT |
| LOWE'S HOME CENTERS, LLC | §<br>§ | DALLAS COUNTY, TEXAS |
| DEFENDANT | § | |

## PLAINTIFFS' SECOND AMENDED PETITION, REQUEST FOR A JURY TRIAL, AND REQUEST FOR DISCLOSURE

COMES NOW, PLAINTIFFS, Brandon Boney, Crystal Jones-Boney, Individually and As Next Friend of Blaze Boney, in the above-styled cause, and hereby files this, their Second Amended Petition, and would respectfully show unto the Court as follows:

### I.  DISCOVERY CONTROL PLAN

Discovery in this case shall be conducted under level 2 pursuant to Rule 190.1 and 190.3 of the Texas Rules of Civil Procedure.

### II. PARTIES

Plaintiffs are individuals residing at 168 Dry Wall Ct, Royse City, Texas 75189, and Plaintiffs may be contacted by and through her undersigned counsel of record, Jennifer Ashmore, 304 N. San Jacinto, Rockwall, Texas 75087.

Defendant, Lowe's Home Centers, LLC, has already appeared through counsel and is properly before the Court.

### III.   JURISDICTION AND VENUE

This Court has personal jurisdiction over Defendant because it is a corporate in the State of Texas, and the subject matter of this action arises under the common law of the State of Texas.

Venue is proper in this Court because all or a substantial part of the events or omissions giving rise to this cause occurred in Dallas County, Texas pursuant to §15.002(a)(1) of the Texas Civil Practice & Remedies Code, and more specifically because the particular acts and omissions complained of occurred within this county.

### III.   FACTS

On July 11, 2017, at about 9:40 P.M., the Boney family went to Lowe's Home Center, LLC – Store 1188, when Blaze stepped on a sharp, metal fragment protruding from a remaining sign.   The fragment penetrated Blaze's shoe and puncutured his foot causing injury.

### IV. NEGLIGENCE

LOWE'S HOME CENTERS, LLC., had a duty to exercise the degree of care that a reasonably careful already established business would use to avoid harm to customers under circumstances similar to those described herein. Blaze's injuries, and subsequent need for medical care, were proximately cause by LOWE'S HOME CENTERS, LLC., careless and reckless disregard of said duty. The negligent, careless and reckless disregard of duty of LOWE'S HOME CENTERS, LLC., consisted of, but is not limited to, the following acts and omissions:

A. In that LOWE'S HOME CENTER, LLC., negligently failed to properly maintain it's premises; and

B. In that LOWE'S HOME CENTER, LLC., negligently failed to provide a safe and hazard free environment for its customers.

C.  In the LOWE'S HOME CENTER, LLC., committed other acts of negligence, negligence *per se*, and gross negligence.

Each of such acts and omissions, singularly or in combination with others constituted negligence which proximately caused the collision and the injuries which the plaintiff suffered.

Defendant was the business that owned the property. As such, Defendants hired the employees, managers, representatives and/or staff that were responsible to repair and maintain the property. As such, they are liable for the negligence of their employees, managers, representatives and/or staff. The negligent conduct was a proximate cause of the occurrence and the Plaintiff's injuries and damages.

Plaintiffs seek recovery for exemplary damages. Exemplary damages means any damages awarded as a penalty or by way of punishment. Exemplary damages include punitive damages.  In determining the amount of exemplary damages the trier of fact should consider the following: a. The nature of the wrong; b. The character of the conduct involved; c. The degree of culpability of the wrongdoer; d. The situation and sensibilities of the parties concerned; e. The extent to which such conduct offends a public sense of justice and propriety; and f. the net worth of the Defendant.

## V.  DAMAGES

As a result of the incident made the basis of this lawsuit described in the preceding paragraphs and the negligence of Defendant, Plaintiffs sustained significant injuries and damages in the past and will in reasonable probability sustain these damages in the future. Plaintiffs respectfully requests that the trier of fact determine the amount of their:

a)  Past medical expenses;

b)  Past physical pain and suffering;

c)  Past physical impairment;

d)  Past mental anguish;

e)  Current ongoing medical expenses;

f)  Current physical pain and suffering;

g)  Current physical impairment;

h)  Future medical expenses;

i)  Future pain and suffering;

j)  Future physical impairment and mental anguish; and

k)  Punitive damages.

The negligence of Defendant proximately caused the incident made the basis of this lawsuit, and the injuries and damages to Plaintiffs complained of herein.

## VI.

Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiff respectfully requests and demands a trial by jury.

## VII.

Pursuant to Rule 194, request is made that each Defendant disclose, within fifty (50) days of service of this request, the information or material described in Texas Rule of Civil Procedure 194.2 (a)-(l). Each Defendant must serve a written response to these Request for Disclosure on Plaintiff within fifty (50) days after the service of this request.

## VIII.

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiffs hereby gives actual notice to each Defendant that any and all documents produced may be used against the Defendant producing the document at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully requests that Defendant be cited to appear and answer, and that on final trial, Plaintiff recover:

1. Judgment against Defendant for actual damages in an amount within the jurisdictional limits of the court i.e., more than $100,000.00, but less than $200,000.00

2. Pre-judgment interest at the highest allowed rate by law;

3. Taxable costs of the Court;

4. Post-judgment interest at the highest rate allowed by law; and

5. Such other and further relief, general or special, aw law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

BY: **/ S / JENNIFER ASHMORE /**
**Jennifer Ashmore**
Bar No. 24031019
**Kesney Nichols**
Bar No. 24105874
**Ashmore & Ashmore**
304 N. San Jacinto,
Rockwall, Texas 75087
972.325.5938 (T)
972.349.1759 (F)
jennifer@ashmorelawfirm.com
**kesney@ashmorelawfirm.com**

**ATTORNEYS FOR PLAINTIFFS**

### CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of May 2019, a true and correct copy of this instrument was served in accordance with the Texas Rules.

**/s/Jennifer Ashmore**
Jennifer Ashmore
Attorneys for Plaintiffs

---