# United States District Court
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| BRANDON BONEY AND CRYSTAL JONES-BONEY, as next friends of B.B., a minor | § § § § § § | |
| v. | | CASE NO. 3:19-CV-1211-S |
| LOWE'S HOME CENTERS LLC | | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Plaintiff Brandon Boney's ("Plaintiff," and together with Crystal Jones-Boney, "Plaintiffs") Motion to Remand [ECF No. 4]. For the following reasons, the Court grants the Motion.

### I.    BACKGROUND

On May 9, 2018, B.B., a minor, filed this lawsuit in the 101st Judicial District Court of Dallas, County, Texas. *See* Notice of Removal ¶ 1. In the Original Petition, B.B. asserted a claim of negligence and sought to recover unspecified damages. *See id.* On September 10, 2018, Plaintiffs, as next friends of B.B., filed an Amended Petition that also asserted a claim of negligence and sought to recover unspecified damages. *See id.* ¶ 4. On May 17, 2019, shortly after retaining additional counsel, Plaintiffs filed a Second Amended Petition that added a claim for gross negligence and alleged damages in an amount of "more than $100,000.00, but less than $200,000.00." *See id.* ¶ 5; Ex. A-1.

On May 20, 2019—more than one year after Plaintiff filed the Original Petition—Defendant Lowe's Home Centers, LLC ("Defendant") removed the above-captioned action based on diversity. *See id.* ¶¶ 10-13. According to the Notice of Removal, the amount-in-controversy exceeds $75,000 and complete diversity exists between the parties: Plaintiffs are citizens of Texas

and Defendant is a North Carolina corporation with a principal place of business in North Carolina. *See id.* ¶¶ 10-12. Plaintiff filed his Motion to Remand on June 17, 2019, which is now fully briefed before this Court.[1]

## II.     ANALYSIS

The Fifth Circuit has consistently held that removal statutes should be strictly construed against removal such that any ambiguity is resolved in favor of remand. *See Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211 (5th Cir. 2002) (citing *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996)). Therefore, the removing party bears the burden of establishing jurisdiction and compliance with the requirements of the removal statute. *Shearer v. Sw. Serv. Life. Ins.*, 516 F.3d 276, 278 (5th Cir. 2008).

Plaintiff argues that remand is proper because Defendant removed the case more than one year after Plaintiffs filed their Original Petition. *See* Mot. to Remand 1. Pursuant to 28 U.S.C. § 1446(c)(1), "[a] case may not be removed . . . on the basis of [diversity] jurisdiction . . . more than [one] year after the commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." Here, Plaintiffs filed their Original Petition on May 9, 2018, and Defendant removed this case on May 20, 2019. *See* Notice of Removal ¶¶ 1, 10-13. Because more than one year elapsed between commencement of the action and the date of removal, the Court must remand unless it finds "bad faith." 28 U.S.C. § 1446(c)(1).

Defendant contends that Plaintiff acted in bad faith by "deliberately fail[ing] to disclose the actual amount in controversy to prevent removal." *Id.* § 1446(c)(3)(B). "Courts must determine whether bad faith exists on a case-by-case basis, balancing the bad-faith exception with

---

[1] Defendant filed a response to Plaintiff's Motion on July 8, 2019. Plaintiff did not file a reply.

2

'the general rule that removal jurisdiction is to be strictly construed [in favor of remand], . . . .'" *Vallecillo v. Wells Fargo Home Mort. Fin.*, No. 5:16-CV-935-DAE, 2017 WL 9935522, at *2 (W.D. Tex. Sept. 18, 2017) (quoting *Carey v. Allstate Ins.*, Civ. A. No. 2:13-CV-2293, 2013 WL 5970487, at *3 (W.D. La. Nov. 7, 2013)) (first alteration in original).

In general, a determination of bad faith is subject to a high burden, and courts are reluctant to find a party acted in bad faith without "'clear and convincing proof.'" *See Bucklew v. St. Clair*, Civ. A. No. 3:18-CV-2117-N (BH), 2019 WL 2724067, at *4 (N.D. Tex. May 29, 2019) (quoting *Crowe v. Smith*, 261 F.3d 558, 563 (5th Cir. 2001)) (analyzing bad faith in the context of imposing sanctions against a party). While there is no clear standard for determining bad faith in the § 1446(c)(1) context, courts in the Fifth Circuit have focused their inquiry on whether the plaintiff's conduct indicates manipulation of the removal statute. *See Prescia v. Old Republic Ins.*, Civ. A. No. 18-593-BAJ-EWD, 2018 WL 7001775, at *3 (M.D. La. Dec. 6, 2018) (citation omitted); *Rantz v. Shield Coat, Inc.*, Civ. A. No. 17-3338, 2017 WL 3188415, at *5 (E.D. La. July 26, 2017) (citation omitted). As characterized by another court, "[c]onduct rises to the level of bad faith when a party makes a transparent attempt to avoid federal jurisdiction." *Rantz*, 2017 WL 3188415, at *5 (quoting *Kidwai v. Fed. Nat'l Mortg. Ass'n*, Civ. A. No. SA-13-CV-972-XR, 2014 WL 252026, at *2 (W.D. Tex. Jan. 22, 2014)). The burden of showing that Plaintiff acted in bad faith to prevent removal lies with the Defendant. *Id.*

The Court finds that Defendant has not met that burden. While Defendant may have been uncertain as to damages until the one-year deadline passed, *see* Resp. to Mot. to Remand ("Resp.") ¶ 13, it has proffered no evidence that Plaintiff knew that damages were above $75,000 or tried to conceal that fact. *See Space Maker Designs, Inc. v. Steel King Indus., Inc.*, Civ. A. No. 3:09-CV-2386-B, 2010 WL 2680098, at *3 (N.D. Tex. July 6, 2010). Rather, Defendant asks the Court to

3

infer bad faith from medical bills, settlement discussions, and an unanswered July 16, 2018, email that asked if Plaintiff would be willing to stipulate to damages being under $75,000. *See* Resp. ¶¶ 1, 3-4, 6. But that evidence is neither an admission that the amount in controversy is less than $75,000, nor is it indicative of active concealment.

The Court notes that Defendant apparently did not take steps to serve discovery to determine the amount in controversy, nor did it file a special exception asking "the [Plaintiff] to amend so as to specify the maximum amount claimed." TEX. R. CIV. P. 47. Defendant's lack of effort to ascertain damages "belies its current argument . . . that Plaintiff's failure to answer a single [email] was a deliberate effort by Plaintiff to keep [Defendant] from learning the 'actual' amount in controversy." *Hajdasz v. Magic Burgers, LLC*, Case No: 6:18-cv-1755-Orl-22KRS, 2018 WL 7436133, at *8 (M.D. Fla. Dec. 10, 2018) (citations omitted); *see also Hubbard v. Diaz*, Civ. A. No. 16-3006 (CCC-JBC), 2017 WL 436252, at *2 (D.N.J. Jan. 31, 2017) (holding defendants did not meet their burden of proving bad faith in part because defendants had not made "repeated attempts" to secure the requested discovery). The appearance of additional counsel also militates against a finding of bad faith. *See* Notice of Removal Ex. A-1.

Finally, although Plaintiff did not plead damages until one year after the removal deadline, *id.* ¶¶ 2, 7, the "mere failure to plead the amount of damages in the original and amended petition" does not rise to the level of concealment that would merit a finding of bad faith. *See Space Maker*, 2010 WL 2680098, at *2. (citing *Morgan Bldgs. & Spas, Inc. v. Advantage Mfg., Inc.*, No. 3:06-CV-0149-D, 2006 WL 1140657, at *1 (N.D. Tex. May 1, 2006)). Accordingly, despite Plaintiff's belated amendment, Defendant has not met its burden of proving that Plaintiff acted in bad faith by "deliberately fail[ing] to disclose the actual amount in controversy to prevent removal." 28 U.S.C. § 1446(c)(3)(B). Therefore, the Court grants Plaintiff's Motion to Remand.

4

### III. CONCLUSION

For the reasons discussed above, the Court grants Plaintiff's Motion to Remand, and remands this action to the 101st District Court, Dallas County, for further proceedings.

**SO ORDERED.**

SIGNED October 29, 2019.

*/s/ Karen Gren Scholer*

**KAREN GREN SCHOLER
UNITED STATES DISTRICT JUDGE**